Kenneth Wayne STAGGS, Appellant,

v.

The STATE of Texas, State.

No. 2–85–242–CR.

Court of Appeals of Texas,
Fort Worth.

April 17, 1986.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and David L. Richards, Asst. Dist. Atty., Fort Worth, for appellee.

Before JORDAN, ASHWORTH and BURDOCK, JJ.

## OPINION

JORDAN, Justice.

Appellant, after a plea of guilty to the offense of burglary of a habitation, was found guilty by the trial court and sentenced to five years in the Texas Department of Corrections. *See* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974). The sentence was probated but probation was revoked in September of 1985 and appellant was then ordered to serve the five-year sentence.

The only complaint on appeal was the failure of the trial court to give Staggs credit for a short time served in the county jail in Garza County, Texas, on a hold order from Tarrant County, and for time spent in

the Adult Probation Department's Intensive Court Residential Center.

We affirm, but reform the judgment.

■ The State agrees that appellant should have been given credit for approximately three weeks spent in the Garza County jail after a detainer letter was sent to Garza County officers on April 17, 1985. The trial court's judgment therefore is ordered reformed to grant appellant credit on his sentence for the time spent in the Garza County jail from April 17 to May 8, 1985.

■ One of the conditions of probation was that appellant reside in and remain in the custody of the Court Residential Center and he insists that he should be given credit on his prison sentence for time spent in that Center.

We disagree.

■ Appellant argues that under TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 6b(f) (Vernon Supp.1986), he is entitled to credit for time spent in the Court Residential Center. This section provides:

The imprisonment imposed shall be treated as a condition of probation, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent imprisonment.

This section refers back to secs. 6b(a) and 6b(c) which permit the trial court to order, under certain conditions, short periods of jail time for probationers under certain conditions as part of the conditions of probation. The term "imprisonment" in secs. 6b(f), in our opinion, does not mean or include residency at the community based Court Residential Center, where appellant was placed by the court for medical treatment and care. The condition of probation imposed by the court is:

Reside at and remain in custody of the Adult Probation Department's Intensive Court Residential Center, participate fully in and comply with the Center's rules and requirements; pay for services and make other payments as required by the Center's program; participate in Community-Service Projects as assigned by the Center Probation Officer, either during off-work hours if employed or during any time if you are unable to find employment.

This is not imprisonment as contemplated by TEX.CODE CRIM.PROC.ANN. art. 42.-12, sec. 6b(f) (Vernon Supp.1986), and appellant was not entitled to credit for time spent at the Court Residential Center.

■ We point out also that art. 42.12, sec. 8(b), in part, provides:

Any probationer who removes himself from the State of Texas without permission of the court having jurisdiction of the case, shall be deemed and considered a fugitive from justice and shall be subject to extradition as now provided by law. *No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve.* The right of the probationer to appeal to the Court of Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation. When he is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a sentence in a jail or in an institution operated by the Department of Corrections, he may appeal the revocation.

[Emphasis ours.]

We think that language makes it clear that appellant was not entitled to credit for any time except that actually spent in jail during his probation.

The judgment, as reformed, is affirmed.