**Ex parte Michael Louis STOVER, Jr.**

No. 72257.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1997.

Michael Louis Stover, Jr., Woodville, pro se.

John Vance, District Attorney, Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MANSFIELD, Judge.

We ordered applicant Michael Louis Stover, Jr.'s post-conviction application for writ of habeas corpus filed and set for submission to determine whether he must be given credit toward his sentences for time he spent in a drug treatment program as a condition of probation.[1] We will deny the relief requested.

### The Relevant Facts

The convicting district court received evidence on applicant's claim and made findings of fact. See Tex.Code Crim. Proc. art. 11.07, § 3(d). Because those findings are supported by the record, they will be accepted by this Court as correct. See *Ex parte Adams*, 768 S.W.2d 281, 288 (Tex.Crim.App. 1989). According to the district court's findings and the record before us, the facts relevant to applicant's claim are as follows:

On May 25, 1990, applicant pled guilty to the felony offenses of theft and unauthorized use of a motor vehicle. See Tex. Penal Code §§ 31.03 & 31.07. The district court deferred a finding of guilt in each case and placed applicant on deferred adjudication probation for ten years in each case. See Tex.Code Crim. Proc. art. 42.12, § 5. As one of the conditions of deferred adjudication, applicant was required to attend a drug treatment program operated by the Cenikor Foundation[2] in Fort Worth. He entered the program on June 5, 1990, and was discharged, apparently after completing the program, on September 26, 1992. On May 6, 1993, the district court, after hearing proof that applicant had violated a term of his probation unrelated to his attendance in the Cenikor program, proceeded with an adjudication of guilt in each case and sentenced applicant to imprisonment for twenty years in each case, the two sentences to run concurrently. See Tex. Penal Code § 12.42(a). Applicant did not appeal from these convictions. On August 24, 1994, applicant filed a *pro se* application for writ of habeas corpus in the convicting district court, arguing that he should be given credit toward his sentences for the time he spent in the Cenikor program.[3] He argued in particular that such credit was mandated by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[4] The district court concluded that applicant was entitled to the relief requested, not under the Double Jeopardy Clause, but rather under Article 42.12, § 13(d) and (e), of the Texas Code of Criminal Procedure.[5]

(a) A court granting probation to a defendant convicted of an offense under Article 6701*l*–1, Revised Statutes [i.e., driving while intoxicated], and punished under Subsection (d), (e), or (f) of that article shall require as a condition of probation that the defendant submit to:

(1) 72 hours of detention in a jail if the defendant was convicted under Subsection (d) of Article 6701*l*–1, Revised Statutes; 10 days of detention in a jail if the defendant was convicted under Subsection (e) of Article 6701*l*–1, Revised Statutes; or 30 days of detention in a jail if the defendant was convicted under Subsection (f) of Article 6701*l*–1, Revised Statutes; and

(2) an evaluation by a probation officer or by a person, program, or facility approved by the Texas Commission on Alcohol and Drug Abuse for the purpose of having the facility prescribe and carry out a course of conduct necessary for the rehabilitation of the defendant's drug or alcohol dependence condition.

(b) A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code [i.e., involuntary manslaughter by reason of intoxication], shall require as a condition of probation that the defendant submit to a period of

---

1. We have held before that "the duration of a prisoner's confinement and applicable time credits" are proper subjects for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. See *Ex parte Canada*, 754 S.W.2d 660, 663 (Tex.Crim.App.1988).

2. The record is silent with respect to the precise nature of the Cenikor program, but we take judicial notice that Cenikor is a non-profit organization that provides residential treatment for persons with substance abuse and criminal behavior problems. See *Salmons v. State*, 571 S.W.2d 29, 30 (Tex.Crim.App.1978).

3. The State filed no response.

4. The Double Jeopardy Clause, made enforceable against the states by the Due Process Clause of the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

5. At the time the district court placed appellant on probation, Article 42.12, § 13, provided in relevant part:

## Analysis

■ We turn first to whether applicant is entitled to relief under Article 42.12. At the time the district court placed appellant on probation, Article 42.12, § 26(b), provided that "[n]o part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve [if probation is revoked], except for time spent by the defendant in actual confinement as a condition of probation under Section 12 or 13 of this article." Neither § 12 nor § 13 were applicable to appellant's time in Cenikor. Section 12, by its express terms, was applicable only to time a defendant spent detained "in a county jail." Section 13 was not applicable, despite the district court's conclusion to the contrary, because, in context,[6] it is abundantly clear that its provisions applied only to defendants on probation for driving while intoxicated or involuntary manslaughter by reason of intoxication. See *Staggs v. State*, 706 S.W.2d 822, 823 (Tex.App.—Fort Worth 1986, no pet.). Therefore, applicant is not entitled to relief under Article 42.12.

■ We turn next to whether applicant is entitled to relief under the Double Jeopardy Clause. The Clause provides three separate protections for criminal defendants: against a second prosecution for the same offense after an acquittal, against a second prosecution for the same offense after a conviction, and against multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104

L.Ed.2d 487 (1989). The third protection, the one implicated here, is limited, in the context of a single proceeding, to ensuring that the total punishment imposed does not exceed that authorized by the legislature. *Id.*, 490 U.S. at 450, 109 S.Ct. at 1903. Assuming *arguendo* that the time applicant spent in Cenikor as a condition of probation was "punishment" for the purposes of the Double Jeopardy Clause, does the Clause require that applicant be given credit toward his sentences for that time? The answer must be "no," because under the statutory scheme established by the Texas Legislature (see above), applicant was not entitled to credit for the time he spent in Cenikor. Thus, it cannot be said that the total punishment imposed on applicant exceeded that authorized by the Legislature. See *People v. Whiteside*, 437 Mich. 188, 468 N.W.2d 504, 509–511 (1991).[7]

The relief for which applicant prays is DENIED.

BAIRD, Judge, dissenting.

I agree with the majority that a person confined in a drug treatment facility as a condition of community supervision is not statutorily entitled to credit for that period of confinement if his community supervision is later revoked. I also agree applicant is not entitled to the credit pursuant to any double jeopardy protection. However, I dissent because the majority fails to determine whether, under the Equal Protection Clause of the Fourteenth Amendment, applicant is entitled

---

detention in a penal institution to serve a term of confinement of not less than 120 days.

(d) If a court requires as a condition of probation that the defendant participate in a prescribed course of conduct necessary for the rehabilitation of the defendant's drug or alcohol dependence condition, the court shall require that the defendant pay for all or part of the cost of such rehabilitation based on the defendant's ability to pay. . . .

(e) The imprisonment imposed as a condition of probation shall be treated as a condition of probation, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent imprisonment.

6. Provisions of a statute must, of course, be read in context. See *Jessen Associates v. Bullock*, 531 S.W.2d 593, 601 (Tex.1975).

7. In *People v. Whiteside*, the Michigan Supreme Court addressed a claim remarkably like the one before us today. There, the appellant, Joseph Whiteside, who was sentenced to prison after violating the terms of his probation, argued that, under the Double Jeopardy Clause of the Fifth Amendment, he was entitled to sentence credit for time he spent in residence at a private drug treatment facility as a condition of probation. The court, citing *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), rejected Whiteside's claim on the ground that he was not entitled to such credit under the Michigan probation statute and that, therefore, "the total punishment imposed [did not] exceed that authorized by the Legislature." *People v. Whiteside*, 468 N.W.2d at 510.

to credit for his confinement in a drug treatment facility.

Although the Equal Protection Clause issue was not expressly raised by applicant, it may nevertheless be considered. A post-conviction habeas corpus applicant is not constitutionally entitled to appointment of counsel, *Pennsylvania v. Finley*, 481 U.S. 551, 555–56, 107 S.Ct. 1990, 1993–94, 95 L.Ed.2d 539 (1987), although counsel may be appointed whenever "the interests of justice require representation." Tex.Code Crim. Proc. Ann. art. 26.04(a). Consequently, *pro se* pleadings should be construed more liberally than those filed by counsel. *See, Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (civil rights complaint). Because of the unique nature of the remedy, habeas corpus relief is underscored by elements of fairness and equity, *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex.Cr.App. 1994), and should not be a procedural game played by the parties. As such, a *pro se* applicant should be required only to allege facts which, if true, would entitle him to relief. When such facts are alleged and shown to be true, the presumptively unlearned *pro se* applicant should not be restricted to the legal theories expressly raised in the application because to do so would transform what should be an equitable procedure into a procedural game. This Court is constitutionally established as the final arbiter of criminal law, and, therefore, is authorized to address any legal theory raised by facts established in a post-conviction habeas corpus application. The need for this principle is reflected by the Legislature's determination that a post-conviction applicant is entitled to only one application challenging the conviction. *See, Ex parte Torres*, 943 S.W.2d 469 (Tex.Cr.App.1997); Tex.Code Crim. Proc. Ann. art. 11.07.

In *Ex parte Chamberlain*, 586 S.W.2d 547 (Tex.Cr.App.1979), and *Caraway v. State*, 550 S.W.2d 699 (Tex.Cr.App.1977), this Court addressed situations in which inmates had not been given credit for time spent in jail before sentencing and had been assessed sentences requiring them to serve the maximum period permitted by statute before becoming eligible for parole. We held that in these situations the Equal Protection Clause of the Fourteenth Amendment required the inmates receive credit for their pre-sentence confinement if they had been unable to post pre-trial bond because of their indigence, even though the relevant statute provided that whether to award such credit was discretionary with the trial court. These cases present a similar situation but do not involve a showing of indigence.

Applicant received the maximum sentence authorized by law in both of these cases, so denying him credit for the time he was confined in the treatment facility has the effect of making him serve more time in confinement than the maximum sentence authorized by law, thereby treating him differently than persons convicted of the same offense but who did not receive probated sentences. *Cf., Williams v. Illinois*, 399 U.S. 235, 240–41, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586 (1970) (An indigent may not be put in jail for failure to pay a fine or court costs if such confinement would exceed the maximum imprisonment for that offense.).

If a statute neither burdens a fundamental right nor targets a suspect class, it will be upheld under an equal protection analysis so long as it bears a rational relationship to some legitimate end. In the ordinary case, the statute will be upheld if it advances a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous. *Romer v. Evans*, 517 U.S. ——, ——, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996).

The class of persons convicted of a felony but whose punishment is probated is not a suspect class. Therefore, there need only be a rational basis between the application of the statute and its differing effect on persons assessed prison terms after community supervision is revoked and those whose initial sentence was not suspended. *See, Ex parte Montgomery*, 894 S.W.2d 324, 329 (Tex.Cr. App.1995).

I can discern no rational basis for requiring persons originally placed on community supervision to serve more time in confinement than the maximum period authorized by law. Accordingly, I would hold that an

inmate who is statutorily precluded from receiving credit for a period of actual confinement in a cause is nevertheless constitutionally entitled under the Equal Protection Clause to credit for that period of confinement.

Therefore, I dissent both to the Court's failure to determine whether, under the Equal Protection Clause of the Fourteenth Amendment, applicant is entitled to credit for his confinement in a drug treatment facility and to the failure to hold that applicant should receive credit for the period he was confined in such a facility.

OVERSTREET and PRICE, JJ., join this opinion.