IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,109-01






EX PARTE PAUL ANTHONY LYNN, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER W02-49754-K(A) IN THE CRIMINAL

DISTRICT COURT NUMBER FOUR DALLAS COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pled not
guilty to possession of a controlled substance, cocaine, in an amount of one gram or more but
less than four grams, enhanced with two previous felony convictions. A jury convicted
Applicant, and the trial court assessed punishment at confinement for twenty-five years. The
conviction was later affirmed on direct appeal in an unpublished opinion. Lynn v. State, No.
11-03-00019-CR (Tex. App.--Eastland 2004, pet. ref'd). 

 In his application for a writ of habeas corpus, Applicant contends that his conviction
was obtained by use of evidence obtained pursuant to an unlawful arrest. The State argues
that this claim was raised and rejected on direct appeal and is procedurally barred from
review in a writ of habeas corpus. The trial court found no controverted, previously
unresolved facts material to the legality of Applicant's confinement.

 Applicant raised three claim on direct appeal: (1) whether the stop of Applicant and
his subsequent detention was a "pretext arrest" that violated the provisions of Article I,
Section 9, of the Texas Constitution or Amendment Four of the United States Constitution;
(2) whether the police officers had probable cause to arrest Applicant for public intoxication
or if that was a pretext to justify the search incident to his arrest; and (3) whether the trial
court erred by not including the "Exclusionary Rule" in the jury charge. In regard to the
second claim, it appears from the record provided to this Court that Applicant argued that
there was insufficient probable cause to arrest for public intoxication as the officers did not
perform field sobriety tests.

 In this writ application, Applicant argues that the arrest for public intoxication was
unlawful based on the fact that he was not in a public place when observed by the officers
to have been intoxicated. This claim is different from that raised on direct appeal. Applicant 
further asserts that the search made subsequent to the illegal arrest, which revealed the crack
cocaine, was unlawful and that the evidence should have been suppressed. It is this Court's
opinion that Applicant has also sufficiently alleged ineffective assistance of trial and
appellate counsel in failing to present and argue this claim. See Ex parte Stover, 946 S.W.2d
343, 346 (Tex. Crim. App. 1997), citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro
se pleadings should be construed more liberally than those filed by counsel).

 While the trial court has made findings, it is this Court's opinion that additional
information is needed before this Court can render a decision on this ground for review,
including affidavits from trial counsel and appellate counsel addressing Applicant's claim. 
Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.
Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve these
issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal Procedure, in
that it shall order affidavits. The trial court may also order depositions, interrogatories, or
hold a hearing. In the appropriate case, the trial court shall rely on its personal recollection. 
 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine: (1)
whether the parking lot where Applicant was observed to have been intoxicated and arrested
was a public place; (2) whether this issue was argued to the trial court in Applicant's motion
to suppress and/or in Applicant's appellate brief; (3) whether the arrest of Applicant for
public intoxication was lawful; (4) whether the subsequent search of Applicant was lawful;
and (5) whether Applicant was denied effective assistance of trial and/or appellate counsel. 
 The trial court shall also make any further findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's application for habeas
corpus relief. Further, because this Court does not hear evidence, Ex parte Rodriguez, 334
S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in
abeyance pending the trial court's compliance with this order. Resolution of the issues shall
be accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: FEBRUARY 1, 2006

DO NOT PUBLISH

 

 

Keller, P.J., dissents.


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.