IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,689-01






EX PARTE JIMMY L. STERLING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21438-361-A IN THE 361
ST JUDICIAL DISTRICT COURT


FROM BRAZOS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to delivery of a controlled substance
and was sentenced to twenty years' imprisonment. 

 Applicant contends that he is being denied credit for time spent in a substance abuse felony
punishment facility (SAFPF). The trial court finds that Applicant is not entitled to credit for time spent in
such a facility as a condition of probation. Ex parte Stover, 946 S.W.2d 343 (Tex. Crim. App. 1997). 
Although the trial court is correct, there is nothing in the record to show whether Applicant's time in the
SAFPF was a condition of his parole or mandatory supervision, or whether Applicant was placed in the
SAFPF prior to revocation of parole or mandatory supervision. Applicant has alleged facts which, if true,
might entitle him to relief. Ex parte Canada, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). 

 It is this Court's opinion that additional facts need to be developed, and that because this Court
cannot hear evidence, the trial court is the appropriate forum. Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997). The trial court may use any means set out in Tex. Code Crim. Proc. Art.
11.07, § 3(d), in that it shall order the Texas Department of Criminal Justice's Correctional Institutions
Division and Parole Division to file affidavits addressing whether Applicant was in custody pursuant to
pre-revocation warrants during either of the time periods he attended the SAFPF in 2003 and 2004. The
affidavits shall also address whether Applicant received time credit for any period(s) of time he was in
custody under pre-revocation or blue warrants. Finally, the affidavits should indicate whether or not
Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when
the claim was submitted. The trial court may also order depositions, interrogatories or a hearing. In the
appropriate case, the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly exhausted his
administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial court shall then
make findings as to whether there were pre-revocation or blue warrants in effect during any of the time
Applicant spent in the SAFPF, and if so whether Applicant is receiving the proper amount of time credit
for that time. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: November 7, 2007

Do not publish