The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

George R. LITCHFIELD and James L. Bracket, Defendants–Appellants.

Nos. 93CA1278, 93CA1288.

Colorado Court of Appeals, Div. III.

March 23, 1995.

Rehearing Denied April 20, 1995.

Certiorari Granted Sept. 11, 1995.

Cross–Petition for Certiorari Denied Sept. 11, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John J. Mitchel, Montrose, for defendant-appellant George R. Litchfield.

John Turner, Colorado Springs, for defendant-appellant James L. Bracket.

Opinion by Judge HUME.

Defendants, George R. Litchfield and James L. Bracket, appeal the judgments of conviction imposed after a joint trial to the court on charges of possession of more than eight ounces of marijuana with intent to sell. We reverse and remand with directions.

On May 13, 1991, a Colorado State Patrol (CSP) trooper stopped defendants in a rental car after he observed it weaving across the center and shoulder lines of the road. When the driver produced his license and rental papers, the trooper noticed that the rental contract was not signed and that it contained a clause arguably limiting the car's use to the states of Arizona and Nevada.

Even though the trooper determined that neither of the defendants was wanted and that the car had not been reported stolen, he informed defendants that the car would be seized and impounded until the rental company could be contacted. The trooper then searched the car and, after discovering a large quantity of marijuana in the trunk, arrested defendants.

## I.

Defendants first contend that the court erred in denying their motions to suppress evidence discovered as a result of the trooper's search of their rental car. We agree.

█ A motion to suppress is committed to the discretion of the trial court, *People v. Dandrea*, 736 P.2d 1211 (Colo.1987), and its decision will not be reversed absent manifest prejudice or a clear showing of abuse of discretion. *People v. Bowman*, 738 P.2d 387 (Colo.App.1987).

During the combined hearing on the motions to suppress, the court made an initial determination that both defendants demonstrated a legitimate expectation of privacy in the rental car and, thus, had standing to challenge the legitimacy of the trooper's search. Because that finding is supported by adequate evidence in the record, we will not

disturb it on appeal. *People v. Tufts*, 717 P.2d 485 (Colo.1986).

### A.

█ The People assert that the trooper's search of the rental car was justified as a "protective weapons search." We disagree.

█ A police officer having less than probable cause to arrest may nevertheless detain an individual temporarily without violating the unreasonable search and seizure limitation of the Fourth Amendment. *Stone v. People*, 174 Colo. 504, 485 P.2d 495 (1971).

█ However, to detain a person lawfully for questioning as an investigatory stop without probable cause for arrest, the officer must first have a reasonable and articulable suspicion that the individual has committed, or is about to commit, a crime. *Stone v. People, supra.*

█ Once a valid stop has taken place, a protective search for weapons is permitted only if the officer has a reasonable basis to suspect that the person might be armed and dangerous. *People v. Martinez*, 801 P.2d 542 (Colo.1990).

The People argue that the trooper had a reasonable suspicion that defendants had committed theft of rental property. We are not persuaded.

A person commits theft of rental property if he:

> Having lawfully obtained possession for temporary use of the personal property of another which is available only for hire knowingly fails to ... return said property to the owner thereof ... within seventy-two hours after the time at which he agreed to return it.

Section 18–4–402(1)(b), C.R.S. (1986 Repl. Vol. 8B).

Here, the trooper initially stopped defendants for a traffic violation. Although his subsequent examination of the rental agreement led him to suspect defendants had violated the contractual clause that limited the car's use, the trooper quickly determined that the rental period had not yet expired,

neither defendant was wanted, and that the car had not been reported stolen.

Since there was no reasonable basis for the trooper to suspect that defendants had violated § 18–4–402(1)(b) their detention was unjustified. And, since there was no valid investigatory stop, and no reason for the trooper to believe that defendants were armed or dangerous, his roadside search of their rental car was not warranted.

### B.

█ Alternatively, the People contend that the trooper conducted a legitimate "inventory search" incident to a valid seizure of defendants' car. We do not agree.

Section 42–5–107, C.R.S. (1994 Cum.Supp.) permits an officer to seize an automobile if the officer has "good and sufficient" reason to believe that the automobile is not in the rightful possession of the driver.

█ A limited inventory search may then be conducted without probable cause to arrest for the purposes of protecting the owner's property while in police custody, insuring against claims of lost, stolen, or vandalized property, and guarding police from danger. However, an inventory search may not be used for a "general rummaging" in order to discover incriminating evidence. *People v. Taube*, 864 P.2d 123 (Colo.1993).

CSP regulations authorize patrol troopers to seize and tow a vehicle if it is a traffic hazard, if it has been abandoned, if the seizure is incident to an arrest or traffic accident, if necessary to examine it for felony accident investigative purposes, or if the vehicle identification number appears to have been altered. CSP Manual of Policy, Rule and Procedure, Chapter 302.3(III).

In addition, if the driver, owner, or person in charge of a towed vehicle is not present, is intoxicated or otherwise incapacitated, or is under physical arrest, an inventory search is authorized pursuant to CSP Manual of Policy, Rule and Procedure, Chapter 302.3(V)(B).

These CSP regulations are not inconsistent with existing law. *See People v. Counterman*, 192 Colo. 152, 556 P.2d 481 (1976);

*People v. Trusty*, 183 Colo. 291, 516 P.2d 423 (1973).

Here, although the trooper may have suspected that defendants breached the rental agreement by driving the car into the state of Colorado, the agreement provided for payment of a mileage or per diem penalty for such breaches and also stated that:

> Any breach of this agreement, specifically any violation of any condition(s), restriction(s), and/or term(s) of the rental agreement, renders all insurance coverage and the collision damage waiver, even if accepted and paid for by lessee, *null and void.* (emphasis in original)

Thus, the trooper had no reason to believe defendants were subject to arrest for any criminal conduct arising from any violation of the rental contract. Nor did any of the conditions under which a trooper may seize and cause a vehicle to be towed and inventoried pursuant to CSP regulations exist here.

Therefore, because the information available to the trooper did not warrant the seizure and subsequent search of defendants' automobile, the trial court abused its discretion in denying their motions to suppress.

### II.

█ Defendants next contend that the trial court erred when it denied their motions to dismiss the criminal charges against them as a violation of the double jeopardy clauses contained in the Fifth Amendment and Colo. Const. art. II, § 18. We perceive no error.

Subsequent to defendants' arrest but prior to trial, the Colorado Department of Revenue (Department) assessed a civil tax and penalty against defendants pursuant to § 39–28.7–101, et seq., C.R.S. (1994 Repl.Vol. 16B) (the controlled substance tax). Defendants filed a timely objection to the assessment and requested a hearing pursuant to § 39–21–103, C.R.S. (1994 Repl.Vol. 16B). However, at the time of trial, the Department had taken no action on defendants' objection.

Defendants moved to dismiss the criminal charges against them, claiming that the tax assessment was *de facto* punishment and that, therefore, the double jeopardy clauses

prevent their being subjected to criminal punishment for the same conduct.

After a hearing, the trial court found that jeopardy had not yet attached to the assessment because there had been no final administrative determination of defendants' obligation to pay the tax and penalty. We agree.

The controlled substance tax statutes authorize the state to levy and collect both a tax and a penalty on the possession of marijuana. *See* §§ 39–28.7–102 and 39–28.7–107, C.R.S. (1994 Repl.Vol. 16B).

However, any taxpayer may request a hearing on the proposed tax by filing a request with the executive director of the Department of Revenue within 30 days of the mailing of a notice of deficiency. Section 39–21–103(2), C.R.S. (1994 Repl.Vol. 16B). *See Huff v. Tipton,* 810 P.2d 236 (Colo.App.1991) (the controlled substances tax is subject to provisions of § 39–21–101, et seq., C.R.S. (1994 Repl.Vol. 16B)).

After a hearing, the executive director makes a final decision and sends the taxpayer a notice of final determination accompanied by a demand for payment. Section 39–21–103(8), C.R.S. (1994 Repl.Vol. 16B).

Here, neither party disputes that the federal and state constitutional double jeopardy clauses protect persons from multiple punishment for the same offense or conduct. *See Department of Revenue v. Kurth Ranch,* 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *U.S. v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

We assume, without deciding, that if liability is established, the tax sought to be assessed here would be considered a penalty or punishment under the *Kurth Ranch* test.

However, in this instance, there has been no hearing and thus no final determination of defendants' liability for the assessed tax. In addition, defendants have not paid any money to the state nor has the state taken any steps to collect the tax obligation allegedly owed.

Accordingly, jeopardy has not yet attached and there has been no punishment by imposition of liability for the state tax. *See U.S. v. Sanchez–Escareno,* 950 F.2d 193 (5th Cir. 1991) *cert. denied,* —— U.S. ——, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992) (no jeopardy attaches to preclude the government from prosecuting defendants for drug importation offenses until defendants actually pay civil fines assessed against them or until the government sues to collect on notes executed by defendants for payment of such fines).

Because defendants had not been subjected to punishment by imposition of a civil penalty for their alleged possession of marijuana, the trial court did not err when it found that the criminal prosecution did not subject them to multiple punishment in violation of the double jeopardy clauses.

The judgments are reversed, and the cause is remanded to the district court with instructions to grant defendants' motions to suppress. However, the trial court's denial of defendants' motions to dismiss the criminal charges as violative of the double jeopardy clauses is affirmed.

JONES and TAUBMAN, JJ., concur.