**Ex parte Jason Wallace CHAPPELL.**

No. 72763.

Court of Criminal Appeals of Texas, En Banc.

Jan. 21, 1998.

Jason Wallace Chappell, pro se.

Dan P. Bradley, Asst. Dist. Atty., Anahuac, Matthew Paul, State's Atty., Austin, for State.

**OPINION**

MANSFIELD, Judge, delivered the opinion of the Court, which was joined by McCORMICK, Presiding Judge, and KELLER, PRICE, HOLLAND and WOMACK, Judges.

We ordered applicant Jason Wallace Chappell's post-conviction application for writ of habeas corpus filed and set for submission to determine whether he has been denied his right, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, to be free of multiple punishments for the same offense.[1] We will deny the relief requested.

---

1. Applicant filed his writ application "under Tex. Code Crim. [Proc.] Ann. art. 11.07." App. at 1.

## The Relevant Facts

From the scant record before us, we glean the following facts relevant to applicant's claim:

On May 7, 1993, the Chambers County grand jury indicted applicant for aggravated delivery of a controlled substance, namely cocaine. See Tex. Health & Safety Code § 481.112(a). On or about May 26, 1993, the Texas Comptroller of Public Accounts sent applicant a notice of tax due in the amount of $11,200. Evidently, it was the Comptroller's belief that applicant owed the tax on account of his "possession, purchase, acquisition, importation, manufacture, or production" of the cocaine. See Tex. Tax Code § 159.101(a). Applicant did not then pay the tax, however, or any portion thereof, nor has he done so since.[2] On October 8, 1993, the grand jury indicted applicant for failure to pay the tax. See Tex. Tax Code § 159.201(a).

On February 3, 1994, applicant pled guilty, in a single proceeding, to the charges contained in the two indictments. The district court assessed punishment at imprisonment for eighteen years plus a $1,000 fine in the aggravated delivery case, and at imprisonment for ten years plus an $11,200 fine in the tax case. The court suspended the punishment in the tax case and placed applicant on probation for ten years.[3]

On December 19, 1996, applicant filed a *pro se* application for writ of habeas corpus in the convicting district court, in which he argued that both of his convictions were "void" because they were obtained in contravention of his state and federal constitutional rights not to be punished twice for the same offense. See U.S. Const. amend V; Tex. Const. art. I, § 14. More specifically, applicant argued that, for double jeopardy purposes, he was "punished" for possession of the cocaine when the Comptroller assessed the drug tax against him, i.e., when the Comptroller determined that he owed the tax, on or about May 26, 1993, and that

thereafter he could not be prosecuted and punished again for delivery of the cocaine or failure to pay the tax. Applicant relied primarily upon the decision in *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

On or about February 11, 1997, the Comptroller "dismissed" the tax assessment made against applicant. See Tex. Tax Code § 159.206.

On February 26, 1997, the State filed an answer to applicant's application, arguing that he "fail[ed] to allege facts which, if true, would entitle him to ... relief." See *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim.App.1985) (in a post-conviction collateral attack, burden is on applicant to allege and prove facts which, if true, entitle him to relief). More specifically, the State argued that "any fine [sic] that may have been assessed [against applicant] was dismissed and ... no payments were ever made."

On February 27, 1997, the district court concluded that applicant had not "allege[d] facts which, if true, would entitle [him] to relief," and recommended that we deny relief.

■ Finally, on May 7, 1997, we ordered applicant's application filed and set for submission, but only insofar as his application challenged the validity of his conviction in the aggravated delivery case. See Tex.Code Crim. Proc. art. 11.07, § 5. Because applicant was placed on probation in the tax case, that conviction is not "final" and may not be challenged under Article 11.07. *Ex parte Payne*, 618 S.W.2d 380, 381 (Tex.Crim.App. 1981).

## Analysis

The Fifth Amendment's Double Jeopardy Clause, made enforceable against the states by the Due Process Clause of the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S.

---

We have long held that a double jeopardy claim is a proper subject for a writ of habeas corpus under Article 11.07, despite the applicant's failure, as in this case, to raise the issue in the trial court. See *Ex parte Evans*, 530 S.W.2d 589, 591 (Tex.Crim.App.1975).

2. The record before us does not show whether the Comptroller has ever taken any steps to collect the tax.

3. The record before us does not show whether applicant appealed from these convictions.

784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Although the Clause mentions only harm to "life or limb," it is settled that it covers imprisonment and monetary penalties. *Kurth Ranch,* 511 U.S. at 768–771 n. 1, 114 S.Ct. at 1941 n. 1. It is also settled that the Clause provides three separate protections for criminal defendants: against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *Ex parte Stover,* 946 S.W.2d 343 (Tex.Crim.App.1997). *But see also, Hudson v. United States,* 62 Cr.L.2019 (1997).

It is the third protection that applicant seeks to enforce today. A threshold question, therefore, is whether, at the time he pled guilty to the charges in the two indictments, he had already been "punished" for any conduct related to the cocaine. As we noted previously, applicant argues that he was punished, for double jeopardy purposes, when the Comptroller assessed the drug tax against him.

We faced a similar, but distinguishable, claim in *Stennett v. State,* 941 S.W.2d 914 (Tex.Crim.App.1996). In that case, the defendant was indicted for possessing marijuana. Soon thereafter, the Comptroller notified him that he owed $49,070 in tax on account of his "purchase, acquisition, importation, manufacture, or production" of the marijuana. The defendant promptly mailed the Comptroller a check for $100 in partial payment of the tax and filed a pretrial application for writ of habeas corpus in the district court, arguing that, under the Double Jeopardy Clause, his partial payment barred any subsequent punishment for possession of the marijuana. Ultimately, we agreed, but only because he had made partial payment of the marijuana tax and, therefore, had already

suffered a tangible loss because of his possession of the marijuana.

■ Our holding in *Stennett* was grounded on our view that, for double jeopardy purposes, "punishment" consists in the taking of life, liberty, or property. Accord, *United States v. Sanchez–Escareno,* 950 F.2d 193, 201 (5th Cir.1991), cert. denied, 506 U.S. 841, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992). The Comptroller's assessment of the drug tax against applicant, however, deprived him of none of these. His life, liberty, and property suffered no detriment from the Comptroller's action. We conclude that, in the absence of some permanent deprivation of life, liberty, or property related to the collection of the tax, applicant suffered no "punishment" for the purposes of the Double Jeopardy Clause. See *People v. Litchfield,* 902 P.2d 921, 925 (Colo.App.1995) (defendants not "punished," for double jeopardy purposes, by mere assessment of drug tax, where defendants had paid no tax, the state had not acted to collect tax, and there had been no final determination of tax liability), aff'd. on other grounds, 918 P.2d 1099 (Colo.1996). Since applicant suffered no punishment from the Comptroller's action, his later criminal conviction in the aggravated delivery case did not expose him to multiple punishments.[4]

Applicant's position finds no support in *Kurth Ranch.* In that case, the Montana defendants were first prosecuted and convicted for criminal possession of, or conspiracy to possess, marijuana. The State of Montana then sought, in an administrative proceeding, to collect from them a large sum as tax on the marijuana they had been convicted of possessing. The defendants contested the assessment in the proceeding, which was later stayed when they filed a petition in bankruptcy. The bankruptcy court declared the tax assessment to be jeopardy-barred, and a federal district court affirmed its judgment, as did the United States Court of Appeals for the Ninth Circuit. After granting certiorari, the Supreme Court affirmed the judgment of

---

4. We recently held that "partial payment" of a drug tax assessed against an individual is not punishment implicating the Double Jeopardy Clause (absent evidence of a payment arrangement with the Comptroller), thereby overruling

*Stennett* with respect to that portion of our holding therein. *Ex parte Curtis Ray Ward,* Nos. 420–96, 421–96, —— S.W.2d ——, ——–—— 1998 WL 18063 (Tex.Crim.App., delivered January 21, 1998) (slip op. at 30–32).

the Ninth Circuit, holding that the Montana tax was a second punishment, for double jeopardy purposes, which the State of Montana had *sought to collect* in a proceeding which had been "the functional equivalent of a successive criminal prosecution." *Kurth Ranch,* 511 U.S. at 783–84, 114 S.Ct. at 1948. Nothing in the Supreme Court's opinion suggests that Montana's mere assessment, as opposed to actual collection, of the marijuana tax amounted to "punishment" for double jeopardy purposes.

We need not consider applicant's claim under the double jeopardy provision in Texas Constitution article I, § 14, because he provides no argument or authority as to the protection provided by that provision. See *Ex parte Granger,* 850 S.W.2d 513, 515 n. 6 (Tex.Crim.App.1993).

The relief for which applicant prays is DENIED.

OVERSTREET, J., concurs in the result.

MEYERS, Judge, concurring.

The majority mistakenly concludes that applicant's conviction in the tax case cannot be considered in addressing his claim. I nevertheless concur because the tax offense and the delivery offense are "different" under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and therefor punishment under the tax provision has no jeopardy implications for punishment under the delivery provision.

Applicant was indicted for aggravated delivery of cocaine. Applicant received a notice from the Comptroller of tax due on his possession of cocaine. Applicant never paid any of this tax. Applicant was then indicted for failure to pay the tax. Applicant pled guilty to both indictments in a single proceeding. As to the delivery conviction, the court assessed punishment at imprisonment for eighteen years and a fine. In the tax case, applicant's punishment was assessed at ten

years imprisonment and a fine. Applicant's prison term was suspended and probated in the tax case. After applicant filed this writ application, the Comptroller dismissed the tax assessment and any state tax liens filed on account thereof.

The majority says applicant claims his conviction for delivery was barred by double jeopardy because he had already been "punished" by the Comptroller's assessment of the drug tax against him. The majority dispenses with any consideration of applicant's conviction in the tax case by explaining that since applicant was placed on probation in that case, the conviction is not final and therefore cannot be challenged under 11.07. *Majority opinion* at 628.

But it is not all that clear to me that applicant is challenging the tax conviction. Rather, he seems to be attacking his delivery conviction on the ground that he was punished for the same offense by virtue of the tax assessment and the tax case conviction.[1] The fact that the tax case conviction is not final for purposes of challenging *that* conviction in a writ does not mean that the tax case conviction may not serve as evidence of "punishment" for purposes of challenging a *different* conviction (the delivery conviction) on double jeopardy grounds. The majority fails to make this critical distinction.

Even so, applicant's claim has no merit. The offense of delivery of cocaine requires proof that (1) a person (2) knowingly or intentionally (3) delivers (4) cocaine. TEX. HEALTH AND SAFETY CODE § 481.112(a). The term "deliver" is defined in part as meaning "to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship." *Id.* at § 481.002(8). The offense of possession of cocaine if tax unpaid requires proof that (1) a dealer (2) possesses (3) cocaine (4) on which the tax imposed has not been paid.

1. Granted, the instant pro se writ application is not exceedingly articulate, but it appears fairly clear to me that applicant is, at least in part, challenging his delivery conviction by pointing to his tax conviction as a "punishment." Never mind that applicant might also be challenging his tax conviction based upon his punishment for his delivery conviction. His reliance on the tax conviction as "punishment" so as to bar the delivery conviction should be addressed by the majority, distinguished and apart from any challenge applicant might be making to the tax conviction itself.

TEX. TAX CODE § 159.201. "A dealer" is "a person who in violation of the law of this state imports into this state or manufactures, produces, acquires, or possesses in this state" certain amounts of a taxable substance consisting of a controlled substance or marihuana. *Id.* at § 159.001(3). Under *Blockburger,* supra, each statutory offense requires proof of at least one fact which the other does not. Delivery requires proof that the cocaine was "transfer[ed], actually or constructively, to another." The tax offense does not require proof of any transfer. The tax offense requires proof that no tax had been paid on the cocaine. Delivery does not require proof of tax not paid.[2]

For these reasons, I concur.

BAIRD, J., joins.

**2.** The same conclusion is reached by conducting a *Blockburger* analysis based on the two indictments. The indictment in the delivery case alleges that applicant (1) intentionally and knowingly (2) deliver[ed] (3) by actual transfer to Wayne Dial (4) cocaine in an amount of less than four hundred grams but not more than twenty-eight grams. The indictment for the tax offense alleges that applicant (1) while acting as a dealer (2) did intentionally and knowingly (3) possess (4) a taxable substance, namely 56 grams of a mixture of materials that contained cocaine, and (5)on which no controlled substance tax had been paid. The delivery case required proof of "actual transfer to Wayne Dial." The tax case required no proof of a transfer of the cocaine to any other person. The tax case required proof that "no controlled substance tax had been paid" on the cocaine. The delivery case required no proof as to nonpayment of a tax.

Because applicant pled guilty to both offense in a single proceeding, however, the double jeopardy issue is one of multiple punishments rather than successive prosecutions. *See Ex parte Kopecky,* 821 S.W.2d 957, 958 (Tex.Crim.App.1992). In a multiple punishments case, it is appropriate to compare statutory provisions rather than charging instruments. *See id.* at 959–60; *see also State v. Perez,* 947 S.W.2d 268, 272 (Tex. Crim.App.1997).