**Ex parte Benito Vasquez DIAZ.**

No. 72276.

Court of Criminal Appeals of Texas, En Banc.

Jan. 21, 1998.

Benito Vasquez Diaz, Hunstville, pro se.

Ross L. Jones, Dist. Atty., Coleman, Matthew Paul, State's Atty., Austin, for State.

### OPINION

HOLLAND, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and KELLER, PRICE and WOMACK, Judges, joined.

Applicant pled guilty to possession of cocaine and, pursuant to a plea agreement, received a fifteen year sentence and a $5,000 fine. There was no appeal from this conviction. Applicant seeks post conviction habeas corpus relief pursuant to TEX.CODE CRIM. PROC. ANN. art. 11.07. Applicant contends his criminal prosecution for possession of cocaine is barred by the Double Jeopardy Clause of the United States Constitution because he had already been "punished" by the previous assessment of a controlled substance tax levied by the Texas Comptroller of Public Accounts. TEX. TAX CODE ANN. § 159.101(a).[1] This Court filed and set this cause for submission to address applicant's allegation.[2]

Applicant was arrested for possession of cocaine and methamphetamine on June 22, 1993. On July 26, 1993, the Texas Comptroller of Public Accounts sent applicant a "Notice of Tax Due" of $27,000 plus a $2,720 penalty explaining that the failure to pay would result in additional penalties. § 159.101(f); § 111.008. The notice also provided that if applicant disagreed with the assessment, he could file a request for a hearing by August 16, 1993. § 159.101(f). If no request was made, the comptroller's office indicated it would initiate proceedings to protect the interests of the State which might include a suit for injunction or judgment, suspension of any permit, license, or certificate issued by the comptroller, forfeiture of bond or security posted, seizure and sale of properties, or a freezing of assets. § 111.021; § 111.022.

On July 27, 1993, the comptroller sent a freeze notice to applicant's bank explaining the law prohibited the bank from transferring or disposing of applicant's assets in its possession. § 111.021. Applicant's bank withdrew $2,456.19 and $891.57 from applicant's two bank accounts and placed a hold on a certificate of deposit. The bank notified applicant that the funds would be submitted to the comptroller's office upon receipt of a levy; however, if a levy was not received within the sixty-day waiting period, the funds would be placed back into applicant's accounts. On August 2, 1993, a tax lien was placed on applicant's assets in the amount due.

On August 3, 1993, applicant filed a request for a redetermination hearing with the Comptroller's office. Applicant stated that he had not "possessed, purchased, acquired, imported, manufactured, or produced a taxable substance on which a tax has not been paid under Chapter 159, Texas Tax Code." The case was presented on written submissions. On May 4, 1994, applicant pled guilty to the criminal offense of possession of cocaine and was sentenced. On February 22, 1995, Administrative Law Judge Ben Sarrett rendered his decision finding that on June 22, 1993, applicant possessed 106 grams of cocaine, 29 grams of methamphetamine, 2 grams of a substance containing methamphetamine, and .20 grams of marihuana. He found that no controlled substance tax payment certificates were affixed to the controlled substances or their containers, and applicant did not possess the tax certificates

---

1. Unless otherwise indicated, all code citations refer to Vernon's Texas Codes Annotated, Tax Code.

2. A claimed violation of the prohibition against double jeopardy is cognizable on post-conviction habeas corpus. *Ex parte Pleasant*, 577 S.W.2d 256 (Tex.Crim.App.1979).

on his person. The judge concluded that the tax imposed by Chapter 159 should be assessed in order to conform to the weight and character of the substances applicant was found to have possessed.

In response to applicant's writ of habeas corpus, the district court found that the tax assessed was a direct result of applicant's conviction for possession of cocaine. The district court recommended that relief be denied because the controlled substances tax was not "punishment" for double jeopardy purposes. After the district court's decision, this Court held the tax on controlled substances is a "punishment subject to the prohibition of the United States Constitution against imposing it in a separate proceeding from that in which other criminal punishments for the same offense are imposed." *Stennett v. State,* 941 S.W.2d 914, 916 (Tex. Crim.App.1996).

This Court did not resolve in *Stennett v. State when* "punishment"occurs in a tax proceeding causing jeopardy to attach. This question was answered in *Ex parte Ward,* Nos., 420–96, 421–96, —— S.W.2d —— (Tex. Crim.App. January 21, 1998).[3] After examining the facts and the holding in *Kurth Ranch,* this Court concluded that the Supreme Court did not hold that jeopardy attached at the initial "assessment" of the tax on controlled substances since the tax assessments in that case were issued *prior* to the defendant's criminal proceedings. *Ex parte Ward,* slip op. at 23–25, at —— – ——. Rather, it was "the State of Montana's attempt to actually impose or collect the tax after the defendants had pleaded guilty and were punished which placed the defendants

at *risk* of a *second punishment* causing jeopardy to bar the state's attempt to collect the tax." *Ex parte Ward,* slip op. at 24, at ——. [emphasis in original]. We recognized that despite the factual differences of *Ex parte Ward* and *Kurth Ranch,* the reasoning in *Kurth Ranch* could be applied in a factually 'reversed' case.[4] In *Kurth Ranch* it was the *risk* of subjecting the defendants to the possibility of a second impermissible punishment that invoked the Double Jeopardy Clause's protection against multiple punishments, thus we concluded there must be a *first* punishment in the defendant's tax proceeding to bar his criminal prosecution on double jeopardy grounds. *Ex parte Ward,* slip op. at 25, at ——. After examining whether a tax assessment is a final judgment, this Court concluded that "the comptroller's issuance of a tax determination has the same effect for jeopardy purposes as the government's filing of a claim in a civil forfeiture or the return of an indictment in a criminal prosecution." *Id.,* slip op. at 25–26, —— – ——. We held a tax assessment, as evidenced by a tax determination notice, is not "punishment" because it is a formal pleading or determination of civil liability, not a final adjudication of guilt.[5]

In this case, although applicant obtained a final judgment of tax liability after requesting a redetermination hearing, the judgment was not entered until February 22, 1995. Applicant, however, was previously "punished" on May 5, 1994, when he pled guilty to the criminal offense of possession of cocaine and was sentenced to 15 years in prison. Consequently, jeopardy in the tax proceeding occurred nine months later and

---

3. In *Ex parte Ward,* this Court recognized that the issue of when jeopardy attaches in the context of a prior civil sanction was also not addressed in *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) or *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) because those cases involved criminal trials where jeopardy had unquestionably attached. *Ex parte Ward,* slip. op. at 9–10, at —— – ——.

4. The defendants in *Kurth Ranch* claimed their prior criminal conviction barred the subsequent tax proceeding. In *Ex parte Ward,* however, appellant claimed the prior tax proceeding barred his criminal prosecution.

5. In *Ex parte Ward,* we also recognized that a person is "punished" when the State takes steps to enforce the tax so as to deprive persons of ownership in their property. In his writ of habeas corpus, however, applicant does not claim that he was previously "punished" by the comptroller's levy against the frozen assets from his bank account. Nor does the record indicate that the comptroller actually levied on these assets after sending applicant's bank a freeze notice. We recognize that according to § 111.021, the notice recipient must release the frozen assets if the comptroller fails to levy on the assets during the 60–day holding period.

was a "second" criminal punishment. Because jeopardy had not yet attached in the controlled substances tax proceeding at the time of applicant's criminal prosecution, we conclude applicant's criminal prosecution for possession of cocaine was not barred as a second criminal punishment.

The relief for which applicant prays is DENIED.

MEYERS, J., dissents for reasons stated in his dissenting opinion in *Ex parte Ward*, Nos. 420–96, 421–96, —— S.W.2d ——, 1998 WL 18063 (Tex.Crim.App. January 21, 1998).

BAIRD and OVERSTREET, JJ., join.

MANSFIELD, Judge, concurring.

Applicant pled guilty to possession of cocaine and was sentenced to fifteen years imprisonment and a fine of $5000. The date of his arrest was June 22, 1993 and the date of his conviction was May 5, 1994.

In July of 1993, applicant received a notice from the Texas Comptroller of Public Accounts that tax was due under Texas Tax Code Section 159.101(a) on the cocaine that was the subject of his arrest. The total amount of tax due, including penalties, was $29,920. The Comptroller issued a tax lien in the amount of $29,920, which was filed in Coleman County on August 2, 1993.

Also, in July of 1993 the Comptroller sent a notice to applicant's bank ordering the bank to freeze any assets of applicant it had in its possession. The bank placed a hold on applicant's certificate of deposit as well as $3347.46 applicant had on deposit in his accounts. Applicant contested the amount of tax due and, after a hearing, the administrative law judge ruled, on February 22, 1995, the amount of tax due on the cocaine was $21,200.

This Court has held the Texas controlled substance tax is a punishment as that term is defined by the double jeopardy clause of the Fifth Amendment to the United States Constitution. *Stennett v. State*, 941 S.W.2d 914 (Tex.Crim.App.1996). *See also, Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Therefore, the Texas controlled sub-

stances tax cannot be *imposed* in a separate proceeding from that in which the individual is placed in jeopardy of criminal punishment for possession or sale of the same controlled substances against which imposition of the tax is sought.

In *Stennett*, however, although finding the Texas controlled substances tax in general punishment, we did not resolve the issue of when it becomes a "punishment" with respect to an individual so as to implicate his double jeopardy rights. Left unanswered was whether merely sending a notice by the Comptroller of tax due to the individual— absent any action by the Comptroller to collect the tax—is "punishment" thus barring any subsequent criminal prosecution for possession or delivery of the same controlled substance on which the tax is alleged by the notice to be due. *Stennett* (Mansfield, J., dissenting), *supra*, at 922.

In *Ex parte Chappell*, 959 S.W.2d 627 (Tex.Crim.App.1998), applicant was indicted for aggravated delivery of cocaine. Subsequently, applicant received a notice from the Comptroller for tax due of $11,200 on the same cocaine that gave rise to the indictment. He then pled guilty to the indictment and was assessed a prison sentence and a fine. The Comptroller then dismissed the tax assessment made against applicant.

We held that the Comptroller's mere notice indicating the amount of the drug tax due from applicant was not "punishment" because "punishment" consists in the taking of "life, liberty or property." *Chappell*, at 629. *See also United States v. Sanchez–Escareno*, 950 F.2d 193, 201 (5th Cir.1991), *cert. denied*, 506 U.S. 841, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992). We found significant the Comptroller had taken no action to collect the tax (by obtaining a judgment to recover the tax, or by seizing or freezing property of applicant to force payment of the tax, or by levying or otherwise encumbering assets of the applicant to recover the tax). Nor was there a final determination through a hearing before an administrative law judge of tax liability. *Chappell*, at 629. *See People v. Litchfield*, 902 P.2d 921, 925 (Colo.App.1995),

aff'd. on other grounds, 918 P.2d 1099 (Colo. 1996).

In the present case, the Comptroller's actions went far beyond "mere assessment," and constitute collection, or attempted collection, of the controlled substance tax. These actions included the filing of a tax lien as well as sending a freeze notice to applicant's bank. These actions, by adversely affecting his ability to sell or otherwise use his property, constituted at least a temporary deprivation of property and is a form of "punishment." Subsequently, an administrative hearing was held, after which it was finally determined applicant owed controlled · substance tax under Texas Tax Code Section 159.

Accordingly, I must once again state that mere sending of a notice of tax due on controlled substances—absent any action to collect the tax—by the Comptroller is not "punishment" implicating the double jeopardy clause. I agree the Court's disposition of this matter as it is clear·the actions taken by the Comptroller, described above, to collect the tax resulted in applicant's being "punished" as he was deprived of his right to the unencumbered use of his property and thus those actions constituted a "taking" of his property.

However, this particular "punishment" did not implicate applicant's double jeopardy rights until after he was convicted of possession of the cocaine that subsequently resulted in final imposition of the drug tax. In other words, it was subsequent to his cocaine conviction that his liability for the drug tax became final, after the administrative hearing and he only then faced the permanent loss of his assets. Therefore, while the double jeopardy clause would prevent the Comptroller from actual collection of the drug tax he determined to be due, it does not affect applicant's conviction for possession of the cocaine that resulted in the finding of tax due.

With these comments I join the opinion of the Court.