IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,709-01






EX PARTE LEE ROBERT CARLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-99-0085-1-CR IN THE 36TH DISTRICT COURT


FROM ARANSAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
attempted capital murder and aggravated robbery and was sentenced to two concurrent terms
of thirty years' imprisonment. He did not appeal his convictions.

 Applicant contends the two convictions constitute double jeopardy, and he complains
his trial counsel was ineffective for advising him to plead to a lesser included offense barred
by double jeopardy. He also complains there is no evidence showing a robbery ever occurred.
The record forwarded to this Court had no answer from the State, affidavit from trial counsel,
or findings from the trial court.

 Applicant's claim regarding no evidence of robbery is without merit. Applicant,
however, has alleged facts that, if true, might entitle him to relief regarding his double
jeopardy allegations. Littrell v. State, 271 S.W.3d 273 (Tex. Crim. App. 2008); Ex parte
Diaz, 959 S.W.2d 213, 214 n. 2 (Tex. Crim. App. 1998); Strickland v. Washington, 466 U.S.
668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court shall obtain an affidavit from Applicant's trial counsel responding to
Applicant's claim of ineffective assistance and explaining any applicable trial strategy. 

 In addition to obtaining this affidavit, the trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d) to resolve factual issues. In the appropriate case, the trial
court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 



Filed: January 11, 2012

Do not publish