IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,994-02






EX PARTE DONALD GENE FULLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006CR5920 IN THE 226TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and three counts of indecency with a child by contact. He was
sentenced to forty-seven years' imprisonment for each aggravated sexual assault conviction, twelve
years' imprisonment for one indecency with a child by contact conviction, and thirteen years'
imprisonment in two indecency with a child by contact causes. The Fourth Court of Appeals
affirmed his aforementioned convictions and reversed and rendered a judgment of acquittal in a
fourth count of indecency with a child. Fuller v. State, No. 04-08-00446-CR (Tex. App.-San
Antonio Jul. 15, 2009) (unpublished). 

 Applicant challenges his conviction, raising eight grounds for relief. In the fourth ground, he
contends that he suffered multiple punishments in violation of double jeopardy principles. The trial
court found, inter alia, that this claim should have been raised on direct appeal and that Applicant
is not entitled to raise the claim on habeas corpus. However, a "claimed violation of the prohibition
against double jeopardy is cognizable on post-conviction habeas corpus." Ex parte Diaz, 959 S.W.2d
213, 214 n.2 (Tex. Crim. App. 1998). 

 Applicant has alleged facts that, if true, might entitle him to relief. Evans v. State, 299
S.W.3d 138 (Tex. Crim. App. 2009); Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
has suffered multiple punishments based on a single act. The trial court shall make specific findings
as to whether Applicant's convictions in Counts VII and VIII were based on the same act. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: May 16, 2012

Do not publish