IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




Nos.


WR-80,778-01

WR-80,778-02

WR-80,778-03





EX PARTE KIRK BENNETT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. D-1-DC-11-205487-A, D-1-DC-11-205488-A, AND D-1-DC-11-205489-A


IN THE 147TH DISTRICT COURT

FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of six counts
of burglary of a habitation as a habitual felon, and he was sentenced to concurrent terms of thirty
years' incarceration for each offense. There were no direct appeals.

 The State charged Applicant in three indictments with burglary of a habitation. Each
indictment alleged two counts: (1) Applicant entered the victim's habitation and attempted to
commit or committed theft; and (2) Applicant entered the victim's habitation with intent to commit
theft. (1) See Tex. Penal Code § 30.02(a)(1), (a)(3). 

 Applicant pled guilty to the six counts under plea agreements that disposed of the cases
together. He now claims that the convictions for both counts in each indictment constitutes double
jeopardy because there was only one unlawful entry in each offense, and he claims that counsel
should not have allowed him to plead guilty to all the counts due to the double jeopardy issues. He
states that counsel told him there were no problems with the multiple counts when he inquired about
them. See Ex parte Cavazos, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006); Martinez v. State, 269
S.W.3d 777, 783 (Tex.App.--Austin 2008); see also Strickland v. Washington, 466 U.S. 668, 687
(1984); Ex parte Diaz, 959 S.W.2d 213, 214 n. 2 (Tex. Crim. App. 1998). Applicant also claims that
trial counsel failed to investigate his competency even though Applicant states that he informed
counsel that he had mental health issues. See Wiggins v. Smith, 539 U.S. 510, 521 (2003). Applicant
includes medical records showing that he reported auditory and visual hallucinations before the time
of the offenses and pleas, and he claims his guilty pleas were not knowingly and voluntarily entered.

 Regarding these involuntary plea claims, Applicant has alleged facts that, if true, might
entitle him to relief. Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). His
remaining ineffective assistance and actual innocence claims lack merit. There is no response from
Applicant's trial counsel in the record, and there are no findings from the trial court. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall order Applicant's trial counsel to explain his representation of and advice
to Applicant, including applicable strategy and tactical decisions, and respond to Applicant's double
jeopardy and competency claims as they relate to the voluntariness of Applicant's plea. To obtain
the response, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding the remanded
claims. The trial court may also make any other findings of fact and conclusions of law it deems
relevant and appropriate. In the event that the trial court finds that some of the counts of conviction
constitute double jeopardy and should be set aside, the trial court shall inquire of Applicant and the
State as to the appropriate remedy and shall make a recommendation to this Court whether only the
violative convictions should be set aside or whether the convictions in all six counts should be set
aside and Applicant returned to answer all the indictments because the cases were disposed of
together under a "package" plea agreement. See Ervin v. State, 991 S.W.2d 801, 817 (Tex. Crim.
App. 1999).

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: February 26, 2014

Do not publish
1. The -03 burglary also alleged as a count that Applicant entered and attempted to commit or
committed robbery, but there is no conviction in the record for this count.