**Opinion issued March 28, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00583-CR

———————————

## EX PARTE MARK AUBREY ROGERS, JR.

---

**On Appeal from the County Court**
**Colorado County, Texas**
**Trial Court Case No. 15-24295**

---

## MEMORANDUM OPINION

In this habeas corpus appeal, a jury imposed a sentence of no fine and no jail time for a defendant convicted of misdemeanor drug possession. The State successfully moved for a new punishment hearing, and the defendant filed a habeas corpus petition, arguing that a second punishment hearing would subject him to double jeopardy. The trial court denied relief.

On appeal, we conclude that the jury's original verdict proposed punishment that would constitute a void sentence, and therefore a new punishment hearing does not subject the appellant to double jeopardy. Accordingly, we affirm.

## Background

Appellant Mark Aubrey Rogers, Jr. was charged with the Class B misdemeanor offense of possession of less than two ounces of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1). A jury found him guilty of the offense, but it declined to assess a punishment. The court's charge instructed the jury to determine and state in its verdict:

1. any fine to be imposed on the defendant of no more than $2,000, or

2. a term of confinement in the county jail to be imposed on the defendant for no more than 180 days, or

3. both a fine to be imposed on the defendant of no more than $2,000 and a term of confinement in the county jail to be imposed on the defendant for no more than 180 days.

*See* TEX. PENAL CODE ANN. § 12.22 (punishment for Class B misdemeanor). The jury's verdict assessed "a fine of $0.00" and "confinement in the county jail for a term of 0 days." The trial court signed a judgment of conviction in accordance with the jury's verdict.

The State filed a motion for a new punishment hearing. Relying on *Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App. 2003), the State argued that the jury was not free to disregard the statutory range of punishment, and that the trial court

2

could take corrective action by holding a new punishment hearing. After a hearing, the trial court ordered a new punishment trial.

Rogers filed a motion for new trial, which was denied. He then filed a petition for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. arts. 11.09, 11.23. After a non-evidentiary hearing, the trial court denied relief. The trial court did not enter findings of fact and conclusions of law. Rogers appeals the denial of his habeas corpus petition.

**Analysis**

Rogers claims the trial court abused its discretion in denying his application because his sentence fell within the statutory range and the *Mizell* case is inapplicable. When reviewing a trial court's grant or denial of habeas relief, we "review the facts in the light most favorable to the trial judge's ruling" and "uphold it absent an abuse of discretion." *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). When there are no factual findings, we review a trial court's application of the law to the facts de novo, without deference to the trial court's ruling. *See, e.g.*, *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Rogers was convicted of a Class B misdemeanor, which is punishable by "(1) a fine not to exceed $2,000; (2) confinement in jail for a term not to exceed 180 days; or (3) both such fine and confinement." TEX. PENAL CODE ANN. § 12.22.

Rogers argues that his original sentence of a zero fine and zero time of confinement is within the statutory range because the statute only gives a maximum and not a minimum fine or time of confinement.

Rogers's construction of the statute ignores its plain language. Although the statute does not give a minimum amount for a fine or time of confinement, it does state that this offense is punishable by a fine or confinement or both. *See id*. The Court of Criminal Appeals has held that punishment of a fine of zero and confinement for zero time is outside the statutory sentencing range in a circumstance that is materially indistinguishable from the statute involved in this appeal. *Mizell* involved guilty verdicts on two counts of a Class A misdemeanor, which is punished by "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; (3) or both such fine and confinement." TEX. PENAL CODE ANN. § 12.21. The jury assessed punishment of a fine of $2,000 for one offense and a fine of zero for the other. *See Mizell*, 119 S.W.3d at 805. The State argued that the fine of zero was outside the statutory punishment range for the offense. The Court confirmed that (1) a fine of zero and no assessment of confinement constituted no punishment, and (2) this sentence was not within the prescribed statutory range and was void. *Id.*; *see also Villareal v. State*, 590 S.W.2d 938, 939 (Tex. Crim. App. 1979) (holding that a sentence below the statutory minimum is void).

4

Although Rogers contends that the *Mizell* holding is incorrect, as an intermediate appellate court we are constrained to follow precedents of the Texas Court of Criminal Appeals. *See, e.g.*, *Kiffe v. State*, 361 S.W.3d 104, 109 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). As *Mizell* and other cases hold, a statute that requires punishment of a fine or confinement or both is not satisfied by a sentence of no fine or confinement. *See, e.g.*, *Mizell*, 119 S.W.3d at 805; *Villareal*, 590 S.W.2d at 939. Because Rogers's original sentence failed to provide the statutory minimum punishment for a Class B misdemeanor—a fine of some non-zero amount or confinement—the sentence was void and the trial court did not err in denying the application for habeas relief.

Rogers further argues that a new sentence will violate the prohibition against double jeopardy. But a void sentence that is below the minimum required by law does not violate the prohibition against double jeopardy. *See Cooper v. State*, 527 S.W.2d 898, 899 (Tex. Crim. App. 1975); *Donnell v. State*, 191 S.W.3d 864, 870 (Tex. App.—Waco 2006, no pet.). The original judgment, which imposed zero time and a zero fine, imposed no punishment at all. Because there was no punishment, there could be no violation of double jeopardy. *See Ex parte Chappell*, 959 S.W.2d 627, 629 (Tex. Crim. App. 1998) (en banc). Accordingly, the trial court properly denied the application for habeas relief.

We affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do Not Publish. TEX. R. APP. P. 47.2(b).