**Ex Parte Charles William QUINBY.**

No. 72463.

Court of Criminal Appeals of Texas.

Sept. 11, 1996.

Charles William, Humble, Pro Se.

John B. Holmes, District Attorney, Houston, Matthew Paul, State's Atty., Austin, for the State.

*OPINION*

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of possession of less than one gram of cocaine, committed October 3, 1994. After his community supervision was revoked punishment was assessed at sixteen months in a state jail facility and a fine of $500. No appeal was taken from this conviction.

Applicant contends that he has improperly been denied credit for time he spent in a state jail facility as a condition of community supervision. The trial court has entered findings that Applicant was confined in a state jail facility as a condition of community supervision from October 20, 1994, to December 5, 1994, but was not given credit for this confinement when his community supervision was revoked. However, the trial court also concludes that Article 42.03, § 2(a), V.A.C.C.P., conflicts with Article 42.12, § 15(h)(3), V.A.C.C.P., as to whether Applicant is entitled to credit for this period.

Art. 42.03, § 2(a) provides:

In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

Art. 42.12, § 15(h)(3), provides:

A judge shall credit against any time a defendant is subsequently required to serve in a state jail facility after revocation of community supervision any time served by the defendant in a state jail facility after sentencing.

We do not perceive any conflict between these provisions. Art. 42.03, § 2(a) *requires* a trial court to give credit for jail time which is not a condition of community supervision, but does not itself *preclude* credit for confinement as a condition of community supervision, although other statutes do preclude such credit under some situations. E.g., Art. 42.12, § 18(c), V.A.C.C.P. (time confined in a community corrections facility). However, Art. 42.12, § 15(h)(3) *requires* credit for time in a state jail facility as a condition of state jail felony community supervision, and § 15(h)(2)(B) *permits* credit for similar periods of confinement in a county jail.[1]

Section 15(h)(3) requires that credit be given for the period Applicant was confined in a state jail facility as a condition of his community supervision. Applicant is entitled to relief.

Relief is granted. The Texas Department of Criminal Justice, state jail division, shall credit Applicant's sentence in cause number 9423188 from the 180th Judicial District Court of Harris County with the additional period from October 20, 1994, to December 5, 1994.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, state jail division.

---

1. Art. 42.12, § 15(h)(2)(B) has been deleted effective January 1, 1996.