Ex parte Antonio GARDUNO.

No. 08–97–00106–CR.

Court of Appeals of Texas,
El Paso.

Nov. 20, 1997.

Discretionary Review Refused
Feb. 11, 1998.

Michael R. Gibson, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from the trial court's denial of relief pursuant to a writ of habeas corpus. We affirm.

### FACTS

On February 25, 1997, the trial court found appellant, Antonio Garduno, guilty of DWI Subsequent, a third degree felony.[1] In its judgment, the trial court stated Garduno's punishment as "[f]ive (5) years community supervision and that he remain in the El Paso County Detention Facility until transferred to SAFP (Substance Abuse Felony Program)." In the attached Terms and Conditions of Community Supervision, the trial court checked provision "p" which requires Garduno to "[s]ubmit to period of detention in the El Paso County Detention Facility for a period of 180 days or any portion thereof at the Court's discretion. Submit to a period of detention of _____ days." The trial court did not fill in a specified number of days. Also attached to the judgment is a Special Condition of Community Supervision requiring Garduno to "serve a term of confinement and treatment in a substance abuse treat-

1. TEX. PENAL CODE ANN. § 49.09(b) (Vernon 1994 & Supp.1998).

ment facility ... for a term of not less than 90 days or more than 1 year."

On March 17, 1997, Garduno filed an Application for Issuance of Writ of Habeas Corpus. He claimed that the trial court's judgment and conditions of probation illegally confined and restrained him of his liberty. The trial court issued the writ but denied relief after a hearing on March 20, 1997. Garduno appeals alleging that the trial court was without authority to impose confinement in the county jail until placement in SAFP becomes available. He has been released on bond pending this appeal.

### DISCUSSION

Garduno makes two arguments in opposition to the trial court's condition of community supervision requiring him to remain in the county jail until transfer to SAFP is available. First, he contends that the trial court may not require jail time unless the jail time is made a condition of probation. He maintains that the trial court failed to make his stay in the county jail a condition of his probation. Second, Garduno alleges that if the trial court sentences him to jail time as a condition of probation, the trial court must specify the number of days he must serve. He asserts that the time he must serve under the trial court's order is indeterminate in this case because the court failed to fill in a specified number of days for confinement under condition "p."

### IS THE CONFINEMENT A CONDITION OF PROBATION?

■ Garduno argues that he is illegally confined because the trial court did not specifically make the jail time a condition of his community supervision. Article 42.12, section 12(a) of the Texas Code of Criminal Procedure allows a trial court to require a probationer to submit to a period of confinement in a county jail for a period not to exceed 180 days as a condition of community supervision.[2] Garduno is correct in arguing

that the trial court has no authority to commend him to the county jail after he has been placed on probation, and without an alleged violation of the terms of his probation, except as a term of his community supervision. We find, however, that the trial court specifically made the jail time a condition of Garduno's community supervision. The trial court checked condition "p" under the Terms and Conditions of Community Supervision attached to its judgment. Condition "p" required the confinement. Accordingly, we find that the record does not support Garduno's contention and we reject his first argument in opposition to the trial court's ruling.

### IS THE CONDITION INDEFINITE?

■ Garduno next argues that the trial court must require him to submit to a specified number of days in the county jail. Article 42.12, section 12(a) reads, in pertinent part:

If a judge having jurisdiction of a felony case requires as a condition of community supervision that the defendant submit to a period of confinement in a county jail, the period of confinement may not exceed 180 days.[3]

The language of Article 42.12 requires that the "period" of confinement not exceed 180 days, but it does not explicitly require that the trial court specify the number of days of confinement. A condition of probation, however, must be clear, explicit, and unambiguous so that the probationer understands what is expected of him or her.[4]

■ In some cases, a trial court's failure to specify the number of days confinement ordered may render the condition unclear. In this case, the condition requiring Garduno to submit to confinement in the county jail is sufficiently clear, explicit, and unambiguous despite the trial court's failure to fill in the blank left under condition "p" for the number of days to be served. Condition "p" itself limits the maximum number of days of confinement to 180 in accordance with Article

---

**2.** Tex.Code Crim. Proc. Ann. art. 42.12, § 12(a) (Vernon Supp.1998).

**3.** Tex.Code Crim. Proc Ann art. 42.12, § 12(a) (Vernon Supp.1998).

**4.** *Todd v. State,* 911 S.W.2d 807, 817 (Tex. App.—El Paso 1995, no pet.).

42.12, section 12. In its judgment, the trial court stated that Garduno must "remain in the El Paso County Detention Facility until transferred to SAFP." Read together, these provisions render what is expected of Garduno sufficiently clear, explicit, and unambiguous. He is to remain in the El Paso County Detention Facility until he is transferred to SAFP, but in no event shall he remain confined there for more than 180 days.

Although the better practice might have been for the trial court to indicate the contingent confinement in the space provided in condition "p," we do not find that the lack of a specified term of confinement, nor the contingent nature of the term, make the condition unreasonably vague or uncertain under the specific facts of this case.[5] We therefore find Garduno's second argument in opposition to the trial court's condition of community supervision unpersuasive.

### CONCLUSION

Accordingly, we overrule Garduno's point of error and affirm the trial court's ruling.

---

**5.** *See e.g. Jackson v. State,* 720 S.W.2d 153, 157–58 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd) (although better practice would have been for trial court to set definite number of community service hours required, condition of probation ordering 20 hours per month for duration of probation or until discharge was not vague or uncertain, particularly in view of statutory limit of 800 hours).