**Ex parte Clinton Charles ROBERTS, Applicant.**

**No. 73159.**

Court of Criminal Appeals of Texas.

Jan. 27, 1999.

Clinton Charles Roberts, pro se.

Charles J. Sebesta, Jr., Dist. Atty., Caldwell, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the unanimous opinion of the Court.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Code of Criminal Procedure article 11.07. Applicant was convicted of felony driving while intoxicated and punishment was assessed at three years and six months imprisonment when his community supervision was revoked. No appeal was taken from this conviction.

Applicant contends he has not been given credit for all the time he was confined in this cause. The judgment reflects this offense was committed May 30, 1992. The trial

court has entered findings that Applicant was confined in county jail in this cause for a total of 249 days before his community supervision was revoked. He was also confined for other periods in various community corrections facilities as conditions of community supervision. Upon revocation the trial court credited Applicant for 90 days pretrial confinement, which included time Applicant was confined before he was placed on community supervision, and time confined pursuant to a motion to revoke community supervision. The trial court concludes Applicant is not entitled to credit for his other periods of confinement because they were served as conditions of community supervision.

■ On the date this offense was committed, Code of Criminal Procedure article 42.12, § 26(b), provided:

No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve, except for time spent by the defendant in actual confinement as a condition of probation under Section 12 or 13 of this article.

Section 12 authorized detention in a county jail as a condition of community supervision. Article 42.03, § 2(a), similarly stated:

In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence or period of confinement served as a condition of probation for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court.

■ In 1993 the 73rd Legislature amended both article 42.03, § 2(a), and article 42.12, § 26(b), to provide that persons confined in county jails as a condition of community supervision would no longer receive credit for those periods of confinement if the community supervision were revoked.[1] However, the bill containing these amendments included provisos that they would be effective only for offenses committed on or after September 1, 1993.[2] Because applicant committed this offense in 1992, these amendments are not applicable to him, and he is entitled to credit for all of his time in jail in this cause, including periods of confinement as a condition of community supervision. However, since September 1, 1989, article 42.12, § 19(d),[3] has provided that "[a] probationer granted probation under this section may not earn good conduct credit for time spent in a community corrections facility or apply time spent in the facility toward completion of a prison sentence if the probation is revoked." (emphasis added). Applicant is therefore not entitled to credit for his periods of confinement in community corrections facilities. *Ex parte Stover*, 946 S.W.2d 343 (Tex.Crim.App.1997).

Relief is granted in part. The Texas Department of Criminal Justice, Institutional Division, shall credit Applicant's sentence in cause number 10,703 in the 21st Judicial District Court of Burleson County for an additional 159 days presentence confinement. Credit for other periods of confinement is denied.

---

1. The legislature also placed a limit of 180 days on the amount of time a person may be confined in county jail as a condition of community supervision, article 42.12, § 12(a), and provided that the combined amount of such confinement in jail and community corrections facilities may not exceed 24 months, § 12(b).

2. Both amendments were part of Senate Bill 1067, which became Chapter 900 of the 73rd Legislature. Article 42.03 was amended in § 5.03, and article 42.12 was amended in § 4.01. The provisos were contained in §§ 5.09 and 4.02, respectively. West Publishing Co. publications including these statutes note the proviso in § 4.02, but not § 5.09.

3. In 1993 this provision was renumbered § 18(c) and the terminology was changed, such that "probationer" became "defendant" and "probation" became "community supervision." However, the substance of this provision is still in effect. Additionally, from 1983 to 1993 similar provisions precluded credit for time spent in "restitution centers" and "community rehabilitation centers" as a condition of probation. § 6c (1983), § 6e(c) (1985), § 18(c) (1989).