**Ex parte Jason Scott WALKER, Applicant.**

**No. AP–74877.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 1, 2004.

Jerald K. Graber, Houston, for Appellant.

Baldwin, Chin, Asst. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and WOMACK, KEASLER, HERVEY, COCHRAN, JJ., join.

Applicant was convicted on a plea of guilty for the offense of Aggravated Robbery on April 17, 2000. On June 16, 2000, the court deferred adjudication of guilt and placed Applicant on community supervision for a period of seven years. As a condition of community supervision, Applicant was ordered to participate in a boot camp program, and to remain in the Harris County Jail until space became available in the boot camp program. Applicant waited in the Harris County Jail until he was released to the custody of the boot camp facility on July 11, 2000. On July 26, 2000, Applicant was returned to the Harris County Jail. The record is unclear as to the particular reason for the early return from boot camp, but it appears to be due to the Applicant's ineligibility to participate for medical reasons because of a suicide attempt. As a result, the conditions of community supervision were amended on July 26, 2000, apparently to substitute the Substance Abuse Felony Punishment Facility ("SAFPF") for the boot camp program. Applicant remained in the Harris County Jail from July 26, 2000 until November 21, 2000, when space became available and he was released to SAFPF. Applicant was released from SAFPF on August 23, 2001.

On February 12, 2002, Applicant was arrested pursuant to a Motion to Adjudicate Guilt brought by the State for failing to comply with the requirements of his community supervision. The record reflects that Applicant consumed a large amount of a controlled substance, and failed to participate in the Drug or Alcohol Abuse Continuum of Care Treatment Plan as well as the Community Based Program Anger Management Treatment as ordered by the court. On February 15, Applicant was sentenced to five years in TDCJ, with time credit given for two different periods. The first period was from February 12, 2000 to July 11, 2000; the time from which Applicant was arrested until his plea and order deferring adjudication, and the time Applicant spent awaiting a space in the boot camp program. The second period was from February 12, 2002 to March 25, 2002, when Applicant was awaiting a transfer from the Harris County Jail to the Texas Department of Correctional Justice ("TDCJ"). Applicant filed a Time Credit Dispute Resolution Form with the TDCJ on May 6, 2002 concerning the 119–day period from July 26, 2000 to November 21, 2000, for which he was not given time credit. TDCJ responded on August 30, 2002 that there was no error because the district judge had discretion as to the time credit awarded in his case. Applicant subsequently filed this application on May 12, 2003.

The issue to be decided here is whether Applicant is entitled to time credit toward his 5–year term for the 119–day period

that he spent waiting in the Harris County Jail for a space in the SAFPF.

Applicant argues that based on the language of Texas Code of Criminal Procedure Art. 42.03 § 2(a), he should have received time credit toward his sentence for the 119 days he spent in Harris County Jail awaiting a space in SAFPF. This section states in part that a judge is required to award a defendant time credit toward his sentence for any time spent in jail from the time of his arrest until his sentencing. It also provides an exception for time served as a condition of community supervision. TEX.CODE CRIM. PRO. art. 42.03 § 2(a).

In the Applicant's original conditions of community supervision, the court ordered Applicant to participate in the boot camp program. The court also specifically listed that Applicant was to remain in the Harris County Jail until space was available in boot camp. In the 1st amended conditions of community supervision, the court deleted the requirement for boot camp and substituted the SAFPF as the program in which Applicant was required to participate. However, the court failed to include a specific instruction that Applicant was to remain in the Harris County Jail until a space opened up in the SAFPF. Instead, at the bottom of every page of the 1st amended conditions of community supervision was the order "Release only to SAFPF." For this reason, Applicant was held in the Harris County Jail until a space was available at SAFPF. Applicant asserts that because the phrase "remain in Harris County Jail until a space opens at SAFPF" was not specifically included, the 119 days are not a condition of community supervision under Texas Code of Criminal Procedure art. 42.03 § 2(a), and the judge was required to grant him time credit for that period.

The State argues that Applicant is not entitled to the 119 days credit because it occurred during the time that he was on community supervision. The State points to the language of Texas Code of Criminal Procedure art. 42.12 § 23(b), which states in relevant part that "no part of the time that the defendant is on community supervision shall be considered as part of the time that he shall be sentenced to serve." TEX.CODE CRIM. PRO. art. 42.12 § 23(b). The State argues that the 119–day period was time served while Applicant was on community supervision, was part of the terms of his community supervision, and that Applicant is not entitled to additional time credit.

■ As Applicant correctly asserts, it is well settled by this Court that defendants are entitled to time credit toward their sentences for time spent in confinement from arrest to sentencing according to Texas Code of Criminal Procedure Article 42.03 § 2(a).[1] *Guerra v. State,* 518 S.W.2d 815 (Tex.Crim.App.1975); *Ex Parte Harrelson,* 511 S.W.2d 957 (Tex.Crim.App. 1974); *Ex Parte Green,* 688 S.W.2d 555 (Tex.Crim.App.1985); *Ex Parte Quinby,* 928 S.W.2d 565 (Tex.Crim.App.1996); *Ex Parte Harris,* 946 S.W.2d 79 (Tex.Crim. App.1997); *Ex Parte Roberts,* 987 S.W.2d 575 (Tex.Crim.App.1999). However, in 1993, article 42.03 § 2(a) was amended by the 73rd legislature to provide that the trial judge is not required to give a defendant credit for time spent in confinement *as a condition of community supervision.*

---

1. Texas Code of Criminal Procedure Article 42.03 § 2(a) states: "In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court."

We have interpreted this amendment as granting the trial judge the discretion to decide whether a defendant receives credit for such time. Tex.Code Crim. Pro. art. 42.03 § 2(a); *Ex Parte Quinby*, 928 S.W.2d 565 (Tex.Crim.App.1996) (holding article 42.03 2(a) "requires a trial court to give credit for jail time that is not a condition of community supervision, but does not itself preclude credit for confinement as a condition of community supervision").

■ The issue here is whether the 119 days spent waiting for a space in SAFPF by Applicant was a condition of his community supervision. If they were, the trial judge has discretion as to whether time credit should be granted. If the 119 days were not a condition of Applicant's community supervision, under article 42.03 § 2(a), the trial judge is required to give the Applicant an additional 119 days credit toward his sentence upon revocation. To determine this, we analyze the 1st amended conditions of community supervision and the terms of the original conditions of community supervision.

Applicant contends that because the phrase "remain in the Harris County Jail" was not included in the 1st amended conditions of community supervision, the 119 days waiting for a space in SAFPF cannot be considered a condition of community supervision. We disagree. In looking at the document as a whole, it is important to note that at the bottom of each page is the order "RELEASE ONLY TO SAFPF." It would be absurd for the trial judge to include this instruction and not intend for the confinement to be a condition of Applicant's community supervision. The order "RELEASE ONLY TO SAFPF" indicates that it was a condition of his community supervision that he should wait in the Har-

ris County Jail until a space was made available for him at SAFPF.

Also important is the notation at the bottom of the 1st amended conditions of community supervision. The notation states the following: "AMENDED TO DELETE BOOT CAMP ADDING SAFPF." These words indicate that the only change between the original conditions and the amended conditions was that boot camp was replaced with SAFPF. The substitution is evidence that the only thing to be changed in the amended conditions was the program Applicant was to complete, since he failed to complete the program first ordered.

The notations and orders in the 1st amended conditions of community supervision, coupled with the surrounding events and circumstances requiring the amended conditions, indicate that the 119 days were served as a term of the community supervision. Accordingly, the trial judge was not required to award Applicant the 119–day time credit and Applicant is not entitled to relief.

COCHRAN, J., filed a concurring opinion.

JOHNSON, J., filed a dissenting opinion.

HOLCOMB, J., filed a dissenting opinion, in which PRICE, J., joined.

COCHRAN, J., filed a concurring opinion.

I reluctantly join the majority opinion. The result in this case is not "fair." But I agree that the trial court had the discretion to make findings that support this Court's conclusion that applicant is not entitled to credit for the time he spent in jail awaiting transfer to a SAFPF[1] as a condition of his community supervision.

---

1. Substance Abuse Felony Punishment Facili-      ty. *See* Tex.Code Crim. Proc. art. 42.12,

The problem in this case is that the trial court ordered a very appropriate community supervision condition—participation in a secure-facility drug rehabilitation program—but there was no room available in the program at the time the trial court entered his order. The trial court ordered applicant to be transferred to a SAFPF on July 26, 2000. That is the date upon which he wanted applicant to begin his drug rehabilitation program. Nonetheless, the trial judge did not have control over when a space at a SAFPF would become available. Therefore, he had two options: 1) require applicant to stay in custody at the local jail until space was available in a SAFPF; or 2) release him into the community, knowing that such a release-without sufficient supervision or immediate mandatory drug treatment-would significantly diminish the likelihood that applicant could be found or would willingly appear when SAFPF space did become available. Neither of these options is entirely satisfactory.

As it turned out, applicant had to wait 119 days—almost four full months—in the local jail before a space in a SAFPF was available. This is 119 days for which applicant lost his liberty. This is 119 days for which applicant was not participating in any drug rehabilitation program as a part of his community supervision. This is 119 days of "thumb-twiddling" lost in legal limbo. And it counts for nothing. This is not a "fair" result. But it is countenanced by Texas precedent [2] and statute.

Under article 42.03, § 2(a) of the Code of Criminal Procedure, a trial judge *shall* give the defendant credit for all the time the defendant has spent in jail, "other than confinement served as a condition of community supervision." [3] A trial court may order confinement as a condition a community supervision up to, but not exceeding, 180 days. [4] Thus, a trial judge may find that all, some, or none of the time a defendant has spent in jail awaiting transfer to a SAFPF—up to a maximum of 180 days—was served as a condition of community supervision (*i.e.*, confinement and treatment in a SAFPF is a condition of community supervision, therefore time spent in confinement awaiting available space in a SAFPF is a condition of community supervision). If the judge finds that this "thumb-twiddling" time was served as a condition of community supervision, he has the authority to *either* grant or deny the defendant credit for that time when the defendant's community supervision is revoked and he is sentenced to a term in jail or prison.

In this case, the applicant claims that he is entitled to 119 days credit on his prison sentence because the trial judge did not, at the time he ordered applicant to enter the SAFPF, explicitly state that the jail time awaiting transfer to the SAFPF was a condition of community supervision. Ap-

§ 14(a). A SAFPF is a type of community corrections facility. TEX. GOV'T CODE § 509.001(1)(C). Under Texas statute, a defendant is not entitled to credit on his sentence for time spent in a community corrections facility. TEX.CODE CRIM. PROC. art. 42.12, § 18(c) (defendant may not "apply time spent in a community corrections facility toward completion of a prison sentence if the community supervision is revoked"). Citing an earlier version of article 42.12, this Court has held that a defendant is not entitled to credit for the time he has been under custodial care in a SAFPF. *Ex parte Stover*, 946 S.W.2d 343, 345 (Tex.Crim.App.1997).

**2.** *See Ex parte Garduno*, 956 S.W.2d 823, 824 (Tex.App.-El Paso, pet. ref'd) (upholding order that defendant remain in county jail for indefinite number of days awaiting transfer to SAFPF).

**3.** TEX.CODE CRIM. PROC. art. 42.03, § 2(a).

**4.** TEX.CODE CRIM. PROC. art. 42.12, § 12(a).

plicant fails to cite any statutory provision or legal precedent that requires the trial judge to make such an explicit finding in his initial SAFPF order. The trial judge did, in his Findings of Fact on the writ application, make an explicit finding that applicant's jail-time credit had been accurately computed. That explicit finding supports an implicit finding that the trial judge intended that the "thumb-twiddling" time was a condition of community supervision. Therefore, the trial judge had the discretion to deny applicant any jail-time credit for that 119 days of "thumb twiddling." Of course, the trial judge could certainly have decided otherwise: that the 119 days in the county jail was not, in fact, a condition of community supervision. It was merely "lost in limbo" time that served no legitimate purpose and had no independent rehabilitation value. Because the trial judge could decide this question either way, and his initial written Conditions of Community Supervision would support either conclusion, I cannot say that he abused his discretion in denying applicant jail-time credit.

Therefore, I join the majority.

JOHNSON, J., filed a dissenting opinion.

When the trial court first placed applicant on deferred adjudication on June 16, 2000, it ordered him to participate in the boot-camp program and ordered that applicant be kept in custody in the Harris County jail until space was available. The exact words of the order were "remain in the Harris County Jail." Applicant remained in the jail for 40 days, until he was released to boot camp on July 11, 2000. After the trial court adjudicated applicant, it gave him credit for the time he spent awaiting transfer to boot camp. There seems to be no indication from the trial court nor a complaint from the state that such credit was improperly given because the time spent waiting in the jail was a condition of community supervision.

Applicant was returned to the jail from boot camp on July 26, 2000. On that day, the trial court amended his conditions of community supervision, "apparently to substitute" the Substance Abuse Felony Punishment Facility (SAFPF) for boot camp. The notation on that order was "Release only to SAFPF." Applicant was held in custody in the jail for 119 days, until November 21, 2000, then released to SAFPF.

In both cases, applicant spent an extended period of time in custody before space became available. He has been given credit for one period of waiting, but not the other. One is found not to be a condition of community supervision, while a similar order that had precisely the same effect is found to be a condition and a reason to deny time credit.

I do not see how "remain in jail" until a rehabilitation program becomes available and "release only to" a rehabilitation program are logically or legally different. In both instances, the trial court ordered that applicant remain in custody until there was space in a specified rehabilitation facility. If the jail is to release an inmate only to a rehabilitation program, the inmate will remain in custody until space is available; if the inmate must remain in custody until space is available in a specified rehabilitation program, the jail will release the inmate only to that rehabilitation program when space becomes available. Merely changing the name of the facility does not transform the time spent waiting into a condition of probation. Nor, without a more specific expression by the trial court of its intent in substituting a rehabilitation program, does the use of different words which produce the same result alter the nature of the result. The time credit

should be treated equally; either both are a condition of community supervision or neither is.

It appears that the intent of the trial court here was to get applicant into a drug rehabilitation program and that the trial court felt that the best way to do that was to keep applicant where he could be easily found until such a program became available. The use of different words does not, of itself, imply different intent. To treat the two waiting periods differently is to create magic words that must be recited in order to create a specified result. I respectfully dissent.

HOLCOMB, J., filed a dissenting opinion which was joined by PRICE, J.

The question presented in this case is whether applicant, an inmate in state prison, is statutorily entitled to time credit, toward his sentence, for 119 days he spent in the Harris County Jail awaiting a space in a Substance Abuse Felony Punishment Facility (SAFPF). The majority holds that applicant is not statutorily entitled to time credit. I disagree.

The record reflects the following relevant facts: On April 17, 2000, applicant pled guilty in state district court to a charge of aggravated robbery. On June 16, 2000, the trial court heard evidence and found that that evidence substantiated applicant's guilt. The trial court deferred an actual finding of guilt, however, and placed applicant on community supervision for seven years. The trial court's written conditions of applicant's community supervision included one condition, condition number fifteen, that read as follows:

> You are committed to the HCCS & CD **Boot Camp** beginning *JUNE 16, 2000 OR WHEN SPACE IS AVAILABLE.* Remain in this facility under custodial supervision and comply with all program rules, regulations, contracts and guide-

lines of the facility until successfully discharged or released by further order of the Court. **Remain in the Harris County Jail** until space is available in Boot Camp. **Report to** *COURT FOR REVIEW* **if you are found to be medically or psychologically unfit for participation.**

(All underlining, bolding, etc., in original.) At the bottom of each page of the written conditions of community supervision was the phrase, "RELEASE ONLY TO BOOT CAMP."

On July 11, 2000, applicant was released from the Harris County Jail and entered the "boot camp." On July 25, 2000, the trial court amended its written conditions of applicant's community supervision, deleted condition number fifteen quoted above, and substituted the following condition therefor:

> Participate in the **Substance Abuse Felony Punishment Facility (SAFPF)** beginning *JULY 25, 2000 OR WHEN SPACE IS AVAILABLE.* You are to remain in the Substance Abuse and Felony Punishment Facility (SAFPF) established in Section 493.009, Government Code, and operated by the Community Justice Assistance Division of the Texas Department of Criminal Justice for a term of not less than six (6) months or more than one (1) year, beginning *JULY 25, 2000 OR WHEN SPACE IS AVAILABLE.* The defendant shall comply with all rules, regulations, and treatment programs and upon release, the defendant is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse (TCADA), abiding by all rules and regulations of said treatment plan until discharged by the Court.

(All underlining, bolding, etc., in original.) Unlike the written condition of community supervision that it replaced, the substituted condition said nothing about applicant remaining in the Harris County Jail until a space opened up in the SAFPF. At the bottom of each page of the amended written conditions of community supervision, though, was the phrase, "RELEASE ONLY TO SAFPF."

On July 26, 2000, applicant was released from the boot camp and returned to the Harris County Jail. On November 21, 2000, he was released from the Harris County Jail and entered the SAFPF. On August 23, 2001, he was released from the SAFPF. On January 25, 2002, the State filed a motion to revoke applicant's community supervision and to adjudicate his guilt. On February 15, 2002, the trial court revoked applicant's community supervision, adjudicated his guilt, and assessed his punishment at imprisonment for five years.

On May 6, 2002, applicant filed a "Time Credit Dispute Resolution Form" with the relevant prison authorities, seeking time credit toward his sentence for the 119 days he had spent in the Harris County Jail awaiting a space in the SAFPF. On August 30, 2002, the prison authorities responded that he was not entitled to time credit for the time period in question. On May 12, 2003, applicant filed an application for habeas corpus relief in the trial court.

Article 42.03, § 2(a), of the Texas Code of Criminal Procedure states:

> In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

In my view, the plain language of this statute requires that applicant be given time credit for the 119 days in question, because the actual amended written conditions of his community supervision did not state that he was to remain in the Harris County Jail until a space opened up in the SAFPF. The amended conditions could have so stated, as the original conditions had stated that applicant was to remain in the jail until a space opened up in the boot camp, but they did not. Remaining in the Harris County Jail until a space opened up in the SAFPF was not a stated written condition of applicant's community supervision.

Because the majority refuses to grant the requested relief, I respectfully dissent.