In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-059 CR


NO. 09-06-060 CR


______________________


 

MONROE JAMES KNIGHTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 70576 and 70577






MEMORANDUM OPINION


 Monroe James Knighton appeals from the revocation of his community supervision
in two aggravated assault convictions. In each case, appellate counsel filed an Anders brief
concluding there are "no arguably meritorious issues." (1) Knighton filed a pro se brief. 

 In 1996 Knighton pleaded guilty, pursuant to plea bargains, to two separate
indictments for aggravated assault. On September 9, 1996, the trial court deferred
adjudication of guilt and placed Knighton on community supervision for eight years. 
Knighton appealed from the deferred adjudication orders, and this Court affirmed the trial
court's orders. See Knighton v. State, No. 09-96-363CR, 1998 WL 286005 (Tex. App.--Beaumont May 28, 1998, no pet.)(not designated for publication). The mandates in both
cases issued on August 12, 1998. From the record, it appears the State filed motions to
revoke probation in both cases on September 15, 2005. Knighton pled "true" to a violation
of each community supervision order. The trial court adjudicated him guilty of the two
offenses and sentenced him to eight years in prison in each case, with the sentences to run
concurrently. 

 Knighton argues the community supervision period expired prior to the revocation
proceedings, and the trial court lacked jurisdiction to revoke the community supervision and
adjudicate guilt. Had Knighton not appealed from the deferred adjudication order, his
community supervision would have expired in September 2004, and the trial court would not
have had jurisdiction to consider the September 2005 revocation motion. See generally Ex
parte Donaldson, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002). However, Knighton appealed
from the deferred adjudication orders and, according to his pro se brief, he was out on appeal
bond during the pendency of the appeal. On May 28, 1998, this Court issued its opinion
affirming the trial court's orders. See Knighton, 1998 WL 286005, at *3. Our mandate
issued on August 12, 1998, and the deferred adjudication orders became final at that point. 
See, by analogy, Milburn v. State, 201 S.W.3d 749, 752 (Tex. Crim. App. 2006) ("A
conviction is not final if it is on appeal. . . ."); see also Donovan v. State, 68 S.W.3d 633,
636-37 (Tex. Crim. App. 2002)(Deferred adjudication defendants and regular probation
defendants are given the same right to appeal.); Jordan v. State, 36 S.W.3d 871, 875-77 (Tex.
Crim. App. 2001)(discussion of "final conviction" in various contexts). Knighton's deferred
adjudication community supervision commenced on August 12, 1998. (2) 

 Accordingly, the community supervision orders did not expire until eight years later
in August 2006. Both motions to revoke were filed in September 2005 while the community
supervision was still in effect. 

 Knighton appears to argue he was not given 309 days of credit for time spent in jail
prior to his release on appeal bond and for time spent in the boot camp ordered by the trial
court as a condition of his deferred adjudication community supervision. We understand him
to ask that the 309 days that accrued prior to the date the community supervision began
should be counted as part of the time he spent on community supervision. On that basis, he
says the community supervision expired before the motions to revoke were filed and the
capiases were issued. Even if Knighton were entitled to 309 days credit on his community
supervision, the capiases issued prior to the expiration of his community supervision. A trial
court may revoke probation after the period expires so long as the motion to revoke is filed,
and a warrant or capias properly issues, during the probationary period. (3) Ex parte
Donaldson, 86 S.W.3d at 232; Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim. App.
1999). The record shows the State filed motions to revoke and capiases were issued and
executed during the community supervision period. Further, the adjudication of guilt
occurred prior to the expiration of the community supervision. (4)
 

 Knighton also appears to argue the time spent while he was free on bond during the
appeal of the deferred adjudication order should be credited to his community supervision
period. We do not find a Texas statute or case law that provides for time credits while out
on bond. Knighton's community supervision did not commence until the August 12, 1998,
mandate issued from this Court. The time he spent out on bond would not have occurred
during the community supervision period. 

 We have independently examined the clerk's record and the reporter's record and find
no reversible error. We have determined the appeal is wholly frivolous. Knighton may file
a petition for discretionary review raising error by this Court in the instant appeal. See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Appointment of new counsel
is not required. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

 The judgments of the trial court in cause numbers 09-06-059 and 09-06-060 are
affirmed.




 AFFIRMED. 


 ____________________________

 DAVID GAULTNEY

 Justice




Submitted on November 2, 2006

Opinion Delivered February 14, 2007

Do Not Publish 


Before McKeithen, C.J., Gaultney and Kreger, J.J. 
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 

 
2. Article 42.09 of the Code of Criminal Procedure provides as follows: 

 

 If a defendant appeals his conviction and is released on bail pending
disposition of his appeal, when his conviction is affirmed, the clerk of the trial
court, on receipt of the mandate from the appellate court, shall issue a
commitment against the defendant. The officer executing the commitment
shall endorse thereon the date he takes the defendant into custody and the
defendant's sentence begins to run from the date endorsed on the commitment.
. . .


Tex. Code Crim. Proc. Ann. art. 42.09, § 2 (Vernon 2006). Although not a conviction, the
deferred adjudication order in the appeal context, by analogy, is treated in similar fashion.
If the defendant appeals the deferred adjudication order and is released on bail pending
disposition of his appeal, the order does not become final until the appellate court issues its
mandate. Since the trial court's deferred adjudication provided for community supervision, 
Knighton's community supervision did not begin until our mandate issued on August 12,
1998. 
3. The probationer may "raise the State's lack of due diligence in executing the warrant
for his arrest as a plea in bar to the motion to revoke his probation." Ex parte Donaldson,
86 S.W.3d at 232-33. "Due diligence" is not at issue here.
4. Time credits are given towards a defendant's sentence for time spent in confinement
from arrest to sentencing. See Ex parte Walker, 150 S.W.3d 429, 432 (Tex. Crim. App.
2004); see Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (Vernon 2006) ("[T]he judge of
the court in which the defendant was convicted shall give the defendant credit on his
sentence for the time that the defendant has spent in jail in said cause, other than confinement
served as a condition of community supervision, from the time of his arrest and confinement
until his sentence by the trial court."). In the deferred adjudication context, there is no
conviction, and sentence has not been imposed. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5 (b) (Vernon 2006).