IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00317-CR

 

Kayelynn M. Hall,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24,520

 



MEMORANDUM  Opinion










 

            Kayelynn M. Hall was
convicted of the offense of burglary of a habitation.  Tex. Penal Code Ann. § 30.02 (West 2003).  She was sentenced
to 20 years in prison with a $10,000 fine.  We affirm.

            In her first issue, Hall
contends that the trial court abused its discretion by admitting into evidence
at the punishment phase a letter Hall had written because the State violated a
Standing Discovery Order by not producing it to her before trial.

            The Standing Discovery Order
relied upon by Hall is not a part of the record on appeal.  Assuming without
deciding, however, that the State violated the Standing Discovery Order,
counsel did not ask for a recess or a continuance.  Counsel's "failure to
request postponement or seek a continuance waives any error urged in an appeal
on the basis of surprise."  Lindley v. State, 635 S.W.2d 541, 544
(Tex. Crim. App. 1982); see also Oprean v. State, 201 S.W.3d 724,
730 n.10 (Tex. Crim. App. 2006) (Cochran, J., concurring) ("Thus, the
trial court may always exclude the undisclosed evidence, but if he does not,
any error in causing 'surprise' to the defense is forfeited on appeal unless
the defendant has also requested a postponement or recess."). 
Accordingly, error, if any, is waived, and Hall’s first issue is overruled.

            In her second issue, Hall
argues that we should grant her a new punishment hearing because the letter
referenced in issue one has been lost.  See Tex. R. App. P. 34.6(f).  However, there is nothing in this
record to show that the letter has been lost or destroyed, only counsel’s
statements in Hall’s brief.  Id (f)(2).  Further, there is nothing in
the record to show whether the letter cannot be replaced either by agreement of
the parties or with a copy determined by the trial court to accurately
duplicate the letter with reasonable clarity.  Id. (f)(4).  Accordingly,
Hall has not shown she is entitled to a new punishment hearing.  Her second
issue is overruled.

            In her third issue, Hall
contends her trial counsel rendered ineffective assistance because he failed to
timely obtain a hearing on Hall’s motion for new trial.  However, a hearing was
held, albeit past the 75 day deadline to rule on the motion.  Tex. R. App. P. 21.8.  Hall contends
that because the hearing was held past the deadline, the trial court was
without jurisdiction to hold the hearing and we cannot consider the record of
that hearing.  See Laidley v. State, 966 S.W.2d 105, 107-08 (Tex.
App.—Houston [1st Dist.] 1998, pet ref’d).  Whether or not we can consider the
record of the hearing, the record before us is still undeveloped as to counsel’s
actions or alleged inactions and is not adequate to determine if his
performance was deficient.  See Williams v. State, 301 S.W.3d 675, 687
(Tex. Crim. App. 2009) (A claim of ineffective assistance of counsel generally
will not be addressed on direct appeal because the record on appeal usually is
not sufficient to determine if counsel's performance was deficient.).  

Accordingly, Hall has failed to show the
first prong, deficient performance, of the Strickland test for
ineffective assistance of counsel.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Her third issue
is overruled.

            Having overruled each of
Hall’s issues on appeal, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

 Opinion
delivered and filed February 2, 2011

Do
not publish 

[CR25]






he 169
days he served as a condition of community supervision. See Tex. Code Crim. Proc. Ann. art.
42.03 § 2(a) (Vernon Supp. 2003); Ex parte Quinby, 928 S.W.2d 565, 566 (Tex. Crim. App.
1996). Although Armstrong contends that giving him credit for the 169 days toward the 169-day
condition of community supervision does not make the 169 days he served days served as a
condition of community supervision, he cites no authority for that assertion.
      Armstrong, again citing no authority, argues that denying him credit for the time he served
prior to his plea on the basis that he served the time as a condition of his community supervision
violates his right to due process and equal protection because it robs him of that back time. The
difficulty with Armstrong’s argument is that he was not robbed of the time. Giving Armstrong
credit for the 169 days he had served toward the agreed 169 days in the Ellis County jail set as a
condition of community supervision prevented him from having to actually serve those 169 days
following the plea. Because Armstrong has failed to demonstrate that the treatment of the 169
days as days served as a condition of community supervision constitutes a violation of his right
to due process and equal protection, we overrule issue three. We affirm the judgment revoking
Armstrong’s community supervision.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Justice Vance,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed August 27, 2003
Do not publish
[CR25]