# NOS. 12-13-00146-CR
# 12-13-00147-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *KEVIN J. CARPENTER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator Kevin J. Carpenter requests a writ of mandamus directing the trial court to vacate its October 4, 2012 order denying his motion for judgment nunc pro tunc and render an order granting the motion.[1] We deny Relator's petition.

## PROCEDURAL BACKGROUND

Relator was charged by separate indictments with engaging in organized criminal activity and aggravated robbery. He was arrested for the offenses on January 27, 1999, and pleaded guilty to both charges on November 15, 1999. He was placed on deferred adjudication community supervision in each case, but was not released because he was confined on a parole violation in an unrelated case. Ultimately, his parole was revoked, but he was paroled again on October 15, 2002.

On March 28, 2012, Relator filed a motion for judgment nunc pro tunc requesting credit for the time he served in the unrelated case after his deferred adjudication community supervision began in the two subsequent cases. Following a hearing at which Relator appeared in person and was represented by appointed counsel, the trial court denied his motion. He then filed this original proceeding.

---

[1] The respondent is the Honorable Christi Kennedy, Judge of the 114th Judicial District Court, Smith County, Texas.

In a criminal case, a relator is entitled to mandamus relief only if he establishes (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013) (orig. proceeding); *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding).

## Adequate Remedy at Law

The trial court is required to grant a defendant presentence jail time credit when sentence is pronounced. TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a) (West Supp. 2013); TEX. R. APP. P. 23.2. If the proper credit is not granted, the trial court has the authority to issue a judgment nunc pro tunc to reflect the appropriate time credit and should do so. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (orig. proceeding).

> When a defendant can show indisputably that he has been denied jail-time credit for a period of pre-trial incarceration for the identical case for which he was convicted and sentenced, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals.

*In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (orig. proceeding) (per curiam). An incorrect calculation of the amount of jail time credit awarded to a defendant, or the omission of any statutory jail time credit, can be adjusted in this manner. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).

Here, Relator appropriately filed a motion for judgment nunc pro tunc, which was denied by the trial court. Because there is no adequate remedy at law to address the alleged harm, Relator is permitted to petition for a writ of mandamus. *See id.*

## Ministerial Act

Article 42.03 provides, in part, that "[i]n all criminal cases the judge of the court in which the defendant has spent in jail *for the case*, . . . excluding confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court. . . ." TEX. CODE CRIM. PROC. ANN. art. 42.03 §2(a), (a)(1) (West Supp. 2013) (emphasis added). This language does not authorize time credit in one case for confinement in another case. *See id.* Relator acknowledges that his confinement was for an unrelated case, but asserts that "if the time spent in confinement is not a condition of the defendant's community supervision, under

2

Article 42.03, Section 2(a), the trial judge is required to give the defendant the credit towards his sentence upon revocation." As support for his argument, Relator cites ***Ex parte Walker***, 150 S.W.3d 429 (Tex. Crim. App. 2004) (orig. proceeding). But this reading of ***Walker*** is too broad.

***Walker*** involved a time credit request for confinement served as a condition of community supervision in the same case, i.e. "for the case." *See **id**.* at 430. In its opinion, the court of criminal appeals restated its prior holding that Article 42.03, Section 2(a) grants the trial judge discretion to decide whether a defendant receives credit for confinement served as a condition of community supervision. ***Id***. at 431-32. The court did not conclude that a defendant is entitled to credit for all confinement that is not a condition of community supervision, including confinement served in an unrelated case. And nothing in the opinion suggests that a trial judge has discretion to decide whether a defendant receives credit for confinement served in an unrelated case during a period of community supervision in another case. Nor have we been able to locate any authority that supports such a conclusion.

In sum, Relator has not shown "indisputably" that he has been denied presentence jail time credit to which he is entitled. *See **Brown***, 343 S.W.3d at 805. Therefore, he has failed to satisfy the ministerial act requirement for mandamus.

## CONCLUSION

Because Relator has not satisfied the ministerial act prerequisite to mandamus, he cannot show that he is entitled to mandamus relief. Accordingly, we ***deny*** Relator's petition for writ of mandamus.

SAM GRIFFITH
Justice

Opinion delivered December 4, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 4, 2013

NOS. 12-13-00146-CR
12-13-00147-CR

**KEVIN J. CARPENTER,**
Relator
**V.**
**HON.CHRISTI J. KENNEDY,**
Respondent

### ORIGINAL PROCEEDINGS

ON THIS DAY came to be heard the petition for writ of mandamus filed by Relator, **KEVIN J. CARPENTER**, who is the Defendant in Cause Nos. 114-80380-99; 114-80386-99, pending on the docket of the 114th Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 6, 2013, and the same having been duly considered, because it is the opinion of this court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is hereby **denied**.

Sam Griffith, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*