

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00096-CR
No. 04-13-00097-CR

Larry **YOUNG**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court Nos. 11-1768-CR & 11-1769-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 18, 2013

AFFIRMED; AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

In trial cause number 11-1768-CR, a jury found appellant guilty of aggravated sexual assault of a five-year-old child, and assessed punishment at sixty years' confinement. In trial cause number 11-1769-CR, a jury found appellant guilty of aggravated sexual assault of a nine-month-old child, and assessed punishment at sixty years' confinement. The trial court ordered the sentences to run concurrently. The judgment in trial cause number 11-1768-CR does not assess any fees for court appointed counsel, but does award 587 days in jail time credit. The judgment

in trial cause number 11-1769-CR assesses $5,090.00 in "court appointed attorney fee[s]," and does not award any jail time credit.

Appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating there are no arguable grounds to be advanced. Counsel concludes the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). Appellant was informed of his right to review the record and of his right to file a pro se brief. Appellant did not file a pro se brief. The State waived its right to file a brief. After reviewing the record and counsel's brief, we agree the appeal is frivolous and without merit. Accordingly, we affirm the trial court's judgments, and we GRANT appellate counsel's motion to withdraw.[1] *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

However, although we affirm the trial court's judgment in trial cause number 11-1769-CR, we also conclude that with respect to the trial court's award of court costs plus attorney's fees, that judgment should be modified. The record shows the trial court assessed attorney's fees despite its finding that appellant is indigent.[2] The Bill of Cost indicates the amount of attorney's fees to be assessed against appellant is $5,090.00. The evidence in the record does not support a finding that appellant's ability to pay attorney's fees changed after the trial court first determined him to be indigent. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p) (West Supp. 2013); *Roberts v. State*,

---

[1] No substitute counsel will be appointed. *See In re Schulman*, 252 S.W.3d 403, 408 n.22 (Tex. Crim. App. 2008). Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review must comply with the requirements of Texas Rules of Appellate Procedure 68.4.

[2] Appellant's trial counsel was appointed because appellant was "too poor to employ counsel" for his defense. Appellate counsel also was appointed for the same reason.

327 S.W.3d 880, 883-84 (Tex. App.—Beaumont 2010, no pet.). Therefore, we modify the judgment in trial cause number 11-1769-CR to delete the assessment of attorney's fees against appellant. *See Solomon v. State*, 392 S.W.3d 309, 311 (Tex. App.—San Antonio 2012, no pet.) (reforming judgment to decrease amount of assessed costs).

We also modify the judgment in trial cause number 11-1769-CR for a second reason. Unlike the judgment in trial cause number 11-1768-CR, which awards 587 days of jail credit, the judgment in trial cause number 11-1769-CR awards no jail credit. Appellant was not allowed community supervision. With exceptions not applicable here, a judge is required to award a defendant time credit toward his sentence for any time spent in jail from the time of his arrest until his sentencing. *Ex parte Walker*, 150 S.W.3d 429, 431 (Tex. Crim. App. 2004); TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a) (West Supp. 2013). Here, the record establishes the indictments in these cases were filed on September 2, 2011, writs to serve appellant were issued in these cases on the same date, and appellant was arrested on the charges on June 17, 2011. During sentencing in the consolidated cases, the trial court stated to appellant, "[y]ou will receive credit for the time you spent in custody on these charges through today." For these reasons, we conclude the trial court should have awarded jail credit in both trial cause numbers. Therefore, we modify the judgment in trial cause number 11-1769-CR to add 587 days jail credit.

We affirm the trial court's judgment in trial cause number 11-1768-CR as is and affirm the trial court's judgment in trial cause number 11-1769-CR as modified.

Sandee Bryan Marion, Justice

Do not publish