

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00443-CR

DEBORAH ANN BROOKS A/K/A
DEBORAH ANN BRADLEY

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR10794

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Deborah Ann Brooks a/k/a Deborah Ann Bradley pleaded guilty to credit card abuse, a state-jail felony. *See* Tex. Penal Code Ann. § 32.31 (West 2011). In accordance with the terms of the plea bargain, the trial court placed her on four years' deferred-adjudication community supervision. One of the conditions was that Brooks serve thirty days in jail.

---

[1]*See* Tex. R. App. P. 47.4.

The State subsequently filed a petition to proceed to adjudication, alleging Brooks had violated several conditions of her community supervision, including using methamphetamine on multiple occasions. The trial court extended Brooks's community supervision by one year and amended her community-supervision conditions, adding that she complete a substance abuse felony program (SAFP) followed by an alcohol abuse continuum of care treatment plan. The amended conditions also required that Brooks remain in the county jail until her placement in the SAFP facility.

The State thereafter filed another petition to proceed to adjudication, citing several new violations, including new uses of methamphetamine. Brooks pleaded true to the allegations, and the trial court adjudicated her guilty of credit card abuse and sentenced her to twenty-four months' imprisonment. This appeal followed.

Brooks's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Brooks of his motion to withdraw, provided her a copy of the brief, informed her of her right to file a pro se response, informed her of her pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate her review of the appellate record by

2

providing her with a copy of the clerk's and reporter's records. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

Brooks filed a pro se brief, arguing in one point that the trial court failed to give her credit for all the jail time that she had served. Brooks references three confinement periods that she contends were not credited toward her sentence: the thirty days implemented as a condition of her community supervision, the one month and eighteen days in which she was confined while awaiting placement in the SAFP facility, and the time she spent in the continuum of care. All three of those periods were conditions of Brooks's community supervision and, as such, not usable for credit against Brooks's sentence; a trial court is not to credit "confinement served as a condition of community supervision[.]" Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2014); *see Ex parte Walker*, 150 S.W.3d 429, 431 (Tex. Crim. App. 2004).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178

3

S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 28, 2015